UNITED STATES PRINTING & LITHOGRAPH
COMPANY *v.* GRIGGS, COOPER & COMPANY.

No. 372.   Argued March 6, 1929.—Decided April 8, 1929.

*Mr. Walter F. Murray,* with whom *Mr. Frank F. Dinsmore* was on the brief, for petitioner.

*Messrs. E. Howard Morphy* and *Carl W. Cummins,* with whom *Messrs. Orris P. Cobb* and *Oliver G. Bailey* were on the brief, for respondent.

Mr. Justice Holmes delivered the opinion of the Court.

This is a suit brought by the respondent, a corporation of Minnesota, against the petitioner, a corporation of Ohio, alleging that the plaintiff has a trade mark 'Home Brand', registered in the Patent Office for various grocers' goods which it sells at wholesale in certain named States of the northwest; and that the defendant is printing and selling labels for similar grocers' goods, containing the word 'Home', which labels are used by the purchasers in States other than those in which the plaintiff has established a market. No interference with interstate or foreign commerce is alleged. The bill seeks an injunction against

printing and selling such labels for any groceries that the plaintiff sells. The trial court found the facts to be as above stated and the Supreme Court held that the " purpose and effect of the [Trade Mark Act of February 20, 1905, c. 592, § 16; 33 Stat. 728, (C., Tit. 15, § 96)] was to project the trade mark rights of the registrant and owner thereof into all the states even in advance of the establishment of trade therein, and to afford full protection to such registrant and owner." It affirmed a judgment for the plaintiff giving the relief prayed and a writ of certiorari was granted by this Court.

In the *Trade Mark Cases,* 100 U. S. 82, it was held that the earlier acts attempting to give these unlimited rights were beyond the power of Congress. Soon after that decision, an Act of March 3, 1881, gave remedies for the wrongful use of a registered trade mark in foreign commerce or commerce with Indian Tribes. It was said that obviously the Act was passed in view of the above mentioned case, that only the trade mark used in such commerce was admitted to registry and that the registered mark could only be infringed when used in that commerce, *Warren* v. *Searle & Hereth Co.,* 191 U. S. 195, 204, (see *United Drug Co.* v. *Theodore Rectanus Co.,* 248 U. S. 90, 99,) and the constitutionality of the Act even when so limited was left open. 191 U. S. 206. The Act of 1905 goes a little farther and gives remedies against reproduction, &c., of the registered trade mark ' in commerce among the several States' as well as in commerce with foreign nations, &c., § 16, *supra.* A remedy for such infringement was given in *Thaddeus Davids Co.* v. *Davids Manufacturing Co.,* 233 U. S. 461, see also *American Steel Foundries* v. *Robertson,* 262 U. S. 209. *Baldwin Co.* v. *Robertson,* 265 U. S. 168. But neither authority nor the plain words of the Act allow a remedy upon it for infringing a trade mark registered under it, within the limits of a State and not affecting the commerce named. More obviously still

it does not enlarge common law rights within a State where the mark has not been used. *General Baking Co.* v. *Gorman,* 3 F. (2d) 891, 894. Some attempt was made to support the decision upon other grounds, but we do not think them presented by the record, and they are not mentioned by the Ohio Court.

*Judgment reversed.*