KAUS v. HUSTON, Collector of Internal Revenue for District of Iowa.

No. 22, Civ.

District Court, N. D. Iowa, Cedar Rapids Division.

Oct. 17, 1940.

Peter J. Kaus, pro se, and William E. Mitchell and Don H. Jackson, both of Council Bluffs, Iowa, for plaintiff.

Edward G. Dunn, U. S. Atty., Wm. B. Danforth, Asst. U. S. Atty., both of Mason City, Iowa, and Thomas G. Carney, Sp. Asst. U. S. Atty. Gen., for defendant.

SCOTT, District Judge.

### Findings of Fact.

1. Plaintiff is a resident and engaged in business at the city of Council Bluffs, Iowa, and is the owner of a line of taxicabs with a central garage, shop and office with telephone equipment connected with ten outlying stations maintained for communication with taxicab drivers. That the defendant is the Collector of Internal Revenue for the District of Iowa.

2. Plaintiff's taxicab line consists of ten cabs, which are operated in two twelve hour shifts per day, from 6 A. M. to 6 P. M., and from 6 P. M. to 6 A. M. That the cabs are operated by twenty men, each man driving a cab for one shift during the twenty-four hour period. Each of these drivers operates his cab under an arrangement with the plaintiff, the legal effect of which must be determined in a decision of this case, unless defendant's contention

that the case must be determined on the face of the complaint and the defendant's motion to dismiss is upheld.

3. Plaintiff from time to time inserts in Council Bluffs' newspapers an advertisement substantially as follows: "United Cab Co. Prompt, Courteous Service, Call 3434. 628 W. Broadway." And in addition contains a picture of one of the cabs. Each of plaintiff's cabs carries on its sides: "United Cab Co. Tel. 3434."

4. That plaintiff lists his business in the Council Bluffs' telephone directory as follows: "United Cab Co. Prompt, Courteous Service, Call 3434. 628 W. Broadway."

5. That calls for taxicab service are received at plaintiff's central office over the telephone system maintained in Council Bluffs, and when received are transmitted to the outlying taxicab station nearest to the origin of the call, and if the cab there is not available the call is transmitted to the next nearest, and so on. That the usual conversation between patrons and the central office when cab service is called for is substantially as follows:

Operator: "United Cab Co."

Caller: "This is John Doe, 711 Plank Street. Will you send a cab?"

Operator: "Yes, right away."

6. That plaintiff is licensed under the provisions of an ordinance of the city of Council Bluffs to conduct a taxicab business, and each of the drivers of the cabs is licensed under the provisions of an ordinance of the city of Council Bluffs as a chauffeur of a taxicab.

7. That plaintiff carries a policy or policies of liability insurance covering all of his cabs, in which policy or policies plaintiff is named as the assured.

8. That there are no meters or other mechanical devices attached to the cabs for the purpose of computing the fares collected by the driver, but there is a prevailing arrangement between all taxicab companies and their drivers at Council Bluffs for the observance of a particular schedule of charges. This arrangement is not always lived up to and as occasion may be thought to warrant, is deviated from in the discretion of the drivers.

9. That plaintiff does not pay the drivers of his cabs a definite per diem or per shift wage, but orally agrees with each driver that he shall pay or turn in to the plaintiff for each twelve hour shift the sum of $3, and in addition pay for the gasoline consumed, and all repairs of cab or tires occasioned by the driver during the shift, that is, each driver receives his cab at the beginning of the shift with a full tank of gas in good driving condition, and is required to return it at the end of his shift in the same condition, all of the balance of the earnings of the cab during the shift is retained by the driver as his own remuneration. Plaintiff impresses upon the driver that he is a lessee of the cab for the period of twelve hours. The arrangement between plaintiff and each driver may be terminated by either party at any time. If a driver takes a day or days off, or quits, his place is filled by another driver from a waiting list maintained by the plaintiff.

10. Plaintiff's taxicabs are mortgaged and plaintiff's financial condition, as shown by the evidence, is not strong and plaintiff's personal testimony would indicate that to pay the tax in question would be severely burdensome.

11. The undisputed verbal testimony of plaintiff and two drivers tends to show that the drivers may refuse calls in their discretion, and do so on occasions if not deemed remunerative.

12. That plaintiff in arranging with his drivers uses expressions resembling a verbal leasing of the cab, the purpose being, as the Court finds, to avoid liability to the taxation in question.

13. That each of the drivers had knowledge and were familiar with all of the facts heretofore found.

14. That plaintiff is not a mere lessor of taxicabs, but operates his line of taxicabs as a common carrier of passengers for hire.

### Conclusions of Law.

From the foregoing facts found, I conclude as matters of law the following:

1. That when a patron for taxicab service calls plaintiff's telephone number he receives the response of plaintiff's operator, asks for the furnishing of a cab, and is assured that the cab will be furnished in response to and in conformity with his call, a contract for taxicab service is concluded with the plaintiff on the one part as a carrier and the patron on the other part as the passenger or the representative of the passenger.

2. That plaintiff assumes and is obligated to fulfill all obligations of a carrier to passengers hiring and riding in his

cabs, and plaintiff is entitled to the protection of an assured with respect to liability policies carried in connection with the operation of his cabs.

3. That the plaintiff's arrangement with the drivers of his taxicabs when all related facts are considered does not amount to a true leasing of the respective cabs, but to an ingenious method of determining and fixing a fair remuneration to the drivers for their service.

4. That neither the tax provision in § 1400, 26 U.S.C.A. Int.Rev.Code, nor the tax provision in § 1600, 26 U.S.C.A. Int.Rev.Code, are shown to be illegal.

5. That neither the tax provision in § 1400, 26 U.S.C.A. Int.Rev.Code, nor the tax provision in § 1600, 26 U.S.C.A. Int. Rev.Code, are shown to be illegal as applied to the plaintiff.

6. That the circumstances which the evidence in this case tends to establish are not sufficient to exclude the case from the prohibition of § 3653 of 26 U.S.C.A. the Internal Revenue Code.

7. That in order to be excluded from the prohibition of § 3653 of 26 U.S.C.A. the Internal Revenue Code and obtain the extraordinary remedy of injunction, plaintiff has the burden of establishing two propositions: first, that the tax challenged is illegal; and second, that the circumstances of the case are so peculiar that his administrative remedy under existing law together with the right of action to recover in a court the amount paid is not an adequate remedy at law.

8. That in view of the last preceding conclusion, the Court is warranted in taking and considering evidence on the trial bearing upon both of the propositions stated in Conclusion No. 7.

9. That plaintiff has not established his right to the equitable remedy of injunction to restrain the assessment or collection of any of the taxes in question.

10. That the defendant is entitled to a judgment dismissing the plaintiff's complaint at plaintiff's costs.

This is an action to enjoin the assessment and collection of taxes under Title VIII, § 801, and Title IX, § 901, of the Social Security Act approved August 14, 1935 (Chap. 9, 26 U.S.C.A. Int.Rev.Code, §§ 1400 and 1600), and also praying for general equitable relief. Defendant filed motion to dismiss upon the ground that relief by injunction is prohibited by § 3653 of 26 U.S.C.A. Internal Revenue Code, approved February 10, 1939, and that § 274d of the Judicial Code, 28 U.S.C.A. § 400, prohibits entering a declaratory judgment with respect to Federal taxes, apparently assuming that such might be urged under the general prayer. The motion was assigned and a pre-trial conference called for the same time. The conference was held, and by Order hearing and determination of the motion was deferred until the trial. Thereupon the defendant answered in three divisions, first, setting up the same defenses specified in his motion; second, pleading failure to state a claim upon which relief can be granted; and, third, admitting, denying knowledge and information, and denying factually the respective paragraphs of plaintiff's complaint.

Plaintiff's complaint comprises fourteen numbered paragraphs alleging in substance as follows: (1) that plaintiff is an individual doing business as United Cab Company; (2) that defendant is Collector of Internal Revenue for the District of Iowa; (3) that defendant is charged with the duty of assessing and collecting taxes levied under the Social Security Act of 1935; (4) that Title VIII provides (then setting forth the definitions of the terms "wages", "employment", etc.); (5) further allegations relative to the meaning of the terms "employer" and "wages". (6) That plaintiff is engaged in the business of renting automobiles to be used as taxicabs for hire, such renting being under oral leases to the individuals for period of twelve consecutive hours at $3.25 per period. That plaintiff agrees to furnish the respective automobiles in good running order, to supply the individuals with telephone and switchboard service, connected with various points in the City of Council Bluffs, Iowa, and to assist said individuals in conducting their business as taxicab operators. The individuals renting agree to furnish gas and tire repairs while the automobiles are in their possession, and to return same in same condition received. (7) That the individuals renting, conduct their business as to method as they choose, may accept or reject calls for service as furnished by plaintiff, and may solicit business as they see fit. That the individuals make no accounting to plaintiff of profits or earnings, and are not controlled by plaintiff in the conduct of their business. That the contract of hire may be terminated at any time by either party. (8) That plaintiff

has engaged in said business since January 1, 1937, and since has had in his employ a regular mechanic and two switchboard operators, and at no time has plaintiff had more than three persons employed; (9) that the individuals renting have never been in his "employment" and have never received any "wages" from plaintiff under the definition and meaning of the Social Security Act; that plaintiff is not an employer with reference to Title VIII of the Act, except as to the three employees admitted in paragraph 8, and has never employed eight or more persons under the Act with reference to Title IX, and is not subject to the provisions of said law, except as to three employees under Title VIII thereof; (10) that defendant claims that the individuals renting plaintiff's automobiles are employees of the plaintiff within the meaning of the Social Security Act, and has levied an assessment and is attempting to collect taxes under said Social Security Act; (11) that defendant has filed a lien against plaintiff under authority of said purported assessment, and threatens a distraint warrant, and is claiming penalties and fines due from the plaintiff. (12) That a substantial part of the taxes and penalties claimed to be due are by reason of the failure of plaintiff to pay taxes alleged to be due to the Unemployment Compensation Commission of Iowa under the Unemployment Compensation Act of Iowa. Code Iowa 1939 § 1551.07 et seq. That under a judgment and decree of the District Court of Iowa for Pottawattamie County, rendered April 13, 1940, plaintiff was adjudicated not subject to the terms of said Act, and that there were no taxes or contributions due from plaintiff to said Commission, and an injunction had issued restraining said Commission from collecting said taxes. That a copy of said decree, marked Exhibit "A", is attached and by reference made a part. (13) That the assessment of said taxes is arbitrary and in part a penalty, and that the tax is unlawful and illegal. That to compel plaintiff to pay the same would work an irreparable injury and threaten plaintiff's ultimate ruin, and cause a multiplicity of suits. That plaintiff has no speedy and adequate remedy at law, and that because of the exceptional and extraordinary circumstances existing, plaintiff should be granted an injunction. (14) Plaintiff tenders security as the Court may require. Plaintiff prays for an injunction restraining the assessment and collection of the tax, and that plaintiff be decreed not to be an employer except as to such employees as plaintiff admits.

Defendant in his third defense admits Paragraphs 1, 2, 3, 4, 5, and 10; denies upon information and belief Paragraphs 6, 7 and 8; denies factually allegations of Paragraphs 9 and 13; admits Paragraph 11, except the allegation that defendants "are now claiming said penalties and fines are due and owing from this plaintiff to the defendant"; admits the last two sentences of Paragraph 12, but denies the first sentence of said Paragraph upon information and belief.

At the pre-trial conference a stipulation of facts was entered into and agreed to, which stipulation was later supplemented. The stipulations were introduced in evidence and the plaintiff and two of the drivers of taxicabs testified to the method of operating the business at the trial.

■ The vital question presented in this case is, whether plaintiff is entitled to the extraordinary equitable relief of injunction, notwithstanding the provisions and prohibition of § 3653 of 26 U.S.C.A. Internal Revenue Code. This section of the Internal Revenue Code while now appearing in a new setting, is in substance old. For many years the same law was declared in § 3224 of the Revised Statutes. In considering this question a matter of procedure is first thrust upon the Court. It is contended by the defendant that the Court is obligated to rule upon its motion to dismiss without proceeding to a trial upon the merits. I think in this respect counsel for the defendant fails to appreciate that in the instant case the question presented by the motion and the so-called merits of the case are identical. It is quite possible that the Supreme Court had such situations in mind when framing the concluding provision of subdivision (d) of Rule 12 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Rights of action as set forth in pleadings are not always so definite and inclusive as to preclude the necessity of further light from the evidence, hence, this Rule I think is intended to permit the Court to take a larger scope of vision than that merely stated in the pleading.

■ The complaint in this case not only declares the invalidity of the taxes, the collection of which is sought to be enjoined, but more or less generally claims such peculiar circumstances as would render plaintiff's remedy at law inadequate.

The section of the statute in question, both in its present and its historic terms, is quite definite and inclusive in its language. Notwithstanding the inclusiveness of the language, however, it has long since been settled that under some circumstances courts of equity will enjoin the collection of a tax. These circumstances are at least in certain classes of cases quite definitely recognized. In Miller v. Nut Margarine Co., 284 U.S. 498, 509, 52 S.Ct. 260, 263, 76 L.Ed. 422, the late Mr. Justice Butler, speaking for the Court, said: "And this court likewise recognizes the rule that, in cases where complainant shows that in addition to the illegality of an exaction in the guise of a tax there exist special and extraordinary circumstances sufficient to bring the case within some acknowledged head of equity jurisprudence, a suit may be maintained to enjoin the collector." That case was cited and followed in Huston v. Iowa Soap Co., 8 Cir., 85 F.2d 649, 653, 108 A.L.R. 173. The conclusion in that case was that an equity court will not grant an injunction restraining collection of taxes unless there exists simultaneously an illegal tax and some special and extraordinary circumstances. It is there said, however, that "Mere apprehension of 'ultimate' ruin to plaintiff's business on account of a tax is not sufficient to entitle one to injunctive relief in equity."

In the light of the fairly well settled doctrine referred to and subdivision (d) of Rule 12, I concluded at the pre-trial conference to defer ruling upon the motion until the trial in order that I might have the light of a complete record.

Under the undisputed facts in this case, I think it not important whether the judgment be based upon the motion or the same defense raised by the answer. In my opinion the circumstances which the evidence in this case tends to establish are not sufficient to exclude the case from the prohibition of § 3653 of 26 U.S.C.A. Internal Revenue Code.

I think that in order to be excluded from the prohibition of § 3653 of 26 U.S.C.A. Internal Revenue Code and obtain the extraordinary remedy of injunction, plaintiff has the burden of establishing two propositions: first, that the tax challenged is illegal; and second, that the circumstances of the case are so peculiar that his administrative remedy under existing law together with the right of action to recover in a court the amount paid is not an adequate remedy at law. The plaintiff's argument of the first proposition is based principally upon his analysis of his relations with his drivers. By narrow technical analysis of such relationship and particularly plaintiff's claimed want of control over the drivers, it is argued that the relationship of master and servant does not exist. It seems to me that this view of the question is too narrow. The real question for solution is, Does the plaintiff engage merely in the leasing of taxicabs, or does he operate a line of taxicabs as a common carrier of passengers? When all factors are considered and particularly the contractual relationship of the plaintiff with the passengers carried, I think there can be little doubt that plaintiff is operating the line of taxicabs, and that while he has adopted an ingenious method of fixing the compensation of his drivers and permits the drivers to exercise some discretion over the cab during the period of the driver's shift, nevertheless I think there is no discretion vested in the drivers inconsistent with the relation of master and servant. From the very nature of the case the drivers, in order to perform their duties properly, must exercise very complete control over the cabs while they have them out on their shifts. I have endeavored to find specifically the facts which a consideration of these questions require, and in my opinion they warrant no other conclusion than that plaintiff has failed to establish the two propositions laid down by the Supreme Court and by the Circuit Court of Appeals for the Eighth Circuit, as essential to the equitable relief of injunction. After careful consideration of the whole record I think the plaintiff has not sustained his burden and that the defendant is entitled to a judgment dismissing the complaint at plaintiff's costs. And it is so ordered.