**MANDEVILLE ISLAND FARMS, Inc., et al.**
**v. AMERICAN CRYSTAL SUGAR CO.**

No. 11266.

Circuit Court of Appeals, Ninth Circuit.

Jan. 14, 1947.

Rehearing Denied March 27, 1947.

Wood, Crump, Rogers & Arndt, of Los Angeles, Cal., for appellants.

Pierce Works and John Whyte, both of Los Angeles, Cal. (O'Melveny & Myers, of Los Angeles, Cal., of counsel), for appellee.

Before MATHEWS, STEPHENS, and ORR, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment of dismissal of the amended complaint. The judge presiding prepared and filed an opinion setting forth fully his reasons for the dismissal (D.C., 64 F.Supp. 265). The first paragraph thereof reading as follows: "This action comes before me on a motion to dismiss the amended complaint of certain sugar beet growers, who are seeking treble damages under the Anti-Trust Act, Secs. 1 to 7, 15 note, Title 15 U.S.C.A., from the defendant sugar refiner, alleging a conspiracy, the effect of which prevented the sale of sugar beets on a free and open competitive market. The motion to dismiss is based on the ground that the raising of sugar beets has no direct effect upon interstate commerce and therefore does not come within the purview of the Anti-Trust Act."

We have carefully examined the opinion and approve it except in the instances hereinafter set out. We do not approve the citation of tax cases as authority for any issue in the case, although their citation presents no inconsistency in the opinion.

We cite the opinion of Wickard v. Filburn, 317 U.S. 111, 121, 125, 63 S.Ct. 82, 89, 87 L.Ed. 122, upon the historic

---

course of national legislation in relation to "trusts" wherein the suggestion is made that instead of the expression "direct effect" on interstate commerce when applied to the Sherman Anti-Trust Act the more accurate expression is "Substantial economic effect" on interstate commerce.

We do not reach and therefore make no expression upon the appellee's claim that if the amended complaint states a cause of action in conspiracy the appellants are co-conspirators and therefore are in pari delicto.

Affirmed.