Emma Grace LOWE, Appellant, v. UNITED STATES SMELTING, REFINING & MINING COMPANY, a Corporation, et al., Appellees.

No. 11953.

United States Court of Appeals
Ninth Circuit.

Sept. 22, 1949.

For former opinion, see 175 F.2d 486.

Harold Banta, Hallock, Donald, Banta & Silven, Baker, Or., for appellant.

Southall R. Pfund, San Francisco, Cal., Charles J. Clasby, Fairbanks, Alaska (Pillsbury, Madison & Sutro, Allan R. Moltzen, San Francisco, Cal., of counsel), for appellees.

Before HEALY, BONE and POPE, Circuit Judges.

PER CURIAM.

The petition for rehearing is denied.

POPE, Circuit Judge (dissenting).

I dissent from the order denying the petition for rehearing for the reason that in my opinion our judgment should be amended so as to remand the cause for a new trial to permit appellee to offer evidence of the performance of annual labor upon its claims.

It is true that when the case was tried, appellee proceeded upon the theory that such proof was not required, a view with which the trial court promptly agreed. In doing so appellee was not acting recklessly. We have just finished deciding, now for the first time, an important question of property law for Alaska. It is a matter which previously has been in doubt, and I do not think the appellee should be forever foreclosed from showing, if it can, that the claims were represented, merely because its attorneys took too advanced a position on the former trial.

After all, the only important question is, Who owns these claims? If there be evidence available upon this question I think the court below should not be prevented from hearing it, merely by a process of reasoning that since appellee made the first error it should now be forever barred. I think such a case should never be terminated until the right of the matter has been finally found on the basis of the available evidence.

I think the new trial of this issue is particularly called for here, for (1) the appel-

---

[11] Wittmayer v. United States, 9 Cir., 1941, 118 F.2d 808, 811.

lant's own pleadings presented her allegations of non-performance as "affirmative matter", thus apparently, before trial, taking the same view as did the appellee, and (2) the matter is before us without a complete transcript, but only upon a fragmentary record in a bill of exceptions, and we are thus without information as to all that transpired below.

Stewart, Administrator v. Southern Railway Co., 315 U.S. 283, 62 S.Ct. 616, 86 L. Ed. 849, represents what I think is the only proper procedure here. There, both the Supreme Court and the Court of Appeals were agreed that plaintiff had failed to make a case in the district court. The Court of Appeals had reversed with directions to enter judgment for defendant. Southern Ry. Co. v. Stewart, 8 Cir., 119 F. 2d 85. The Supreme Court remanded the cause to the court below for the purpose of permitting the taking of further testimony of one of the witnesses, a railroad switch crew foreman, who had been upon the stand at the former trial, but who had not been interrogated by either party with respect to the question of fact which was held to be decisive. The court said, 315 U. S. at page 286, 62 S.Ct. at page 617, 86 L.Ed. 849, "We hold that, on this record, neither party is entitled to prevail. If the issue as to the condition of the coupler mechanism was determinative, a new trial should have been ordered so that this issue might have been resolved in the light of a full examination of the foreman, the witness who could have given further testimony on the subject."

I do not think that decision can be squared with an attitude on our part that because appellee could have presented the evidence of annual labor before, and did not do so, it must now lose its mining claims. If a first mistake on a former trial has such significance as to require the party mistaking his rights or remedy to lose his case, then there is no justification for the many decisions permitting a losing party not only a new trial after a reversal, but the privilege of amending his pleadings as well. That procedure is commonplace.

In Wiggins Ferry Co. v. Ohio & M. Railway Co., 142 U.S. 396, 12 S.Ct. 188, 35 L. Ed. 1055, the intervenor had proceeded in the court below upon a wholly erroneous theory that it was entitled to compensation for use and occupation of certain premises because of a relationship of landlord and tenant. The Supreme Court while reversing the decision of the court below on this ground remanded the cause for further proceedings with permission to amend the pleadings and permit proof of an amended claim, saying, 142 U.S. at page 415, 12 S. Ct. at page 194: "We have shown that the inference it draws from all this, namely, that it is entitled to have a just and reasonable compensation for the use and occupation of said premises, is untenable, but it does not necessarily follow that it is wholly remediless. Rules of pleading are made for the attainment of substantial justice, and are to be construed so as to harmonize with it if possible. A mistaken view of one's rights or remedies should not be permitted wholly to defeat a claim founded upon principles of equity and justice, and if the pleadings can be so amended as to admit proof of such claim, and such amendment does not introduce a new cause of action, though it may set up a new measure of damages, or work a real hardship to the party defendant, it is within the discretion even of the appellate court to permit such amendment to be made."

Here, in the instant case, I think that "a mistaken view of one's rights or remedies should not be permitted wholly to defeat" a claim which the evidence might well show to be "founded upon principles of equity and justice".