**STAUFFER et al. v. EXLEY.**

No. 12258.

United States Court of Appeals Ninth Circuit.

Sept. 8, 1950.

Rehearing Denied Nov. 22, 1950.

Denman, Chief Judge, dissented.

Forrest F. Murray, Harris, Kiech, Foster & Harris, Ford Harris, Jr., Jack Barry, Jr., all of Los Angeles, Cal., for appellants.

Frank P. Doherty, William R. Gallagher and Frank W. Doherty, all of Los Angeles, Cal., for appellee.

Before DENMAN, Chief Judge, and ORR and POPE, Circuit Judges.

ORR, Circuit Judge.

This action was brought for the recovery of damages arising out of alleged acts of unfair competition and for the issuance of an injunction against the commission of future similar acts. A separate trial was had on the issue of jurisdiction, following which the trial court made findings of fact and conclusions of law and dismissed the complaint for lack of jurisdiction. The trial court found that appellant, Stauffer System, Inc., is a corporation of California and that both individual appellant and appellee are citizens and inhabitants of California. It also found that appellants are engaged in interstate commerce and use the unregistered trade name "Stauffer System" in interstate commerce and that the action is a simple action for unfair competition, not joined with a substantial and related claim under the copyright, patent or trade-mark laws. The wrongful acts alleged in the complaint are the use by appellee of the name "Stauffer" and the use of advertising, similar to that in use by appellants, in such a way as to deceive the public into believing that the services offered by appellee originate with appellants.

The trial court reached the conclusion that the Trade-Mark Act of July 5, 1946 does not confer original jurisdiction upon the district courts of the United States in actions for unfair competition in the ab-

sence of diversity of citizenship of the parties where there is no substantial and related claim under the copyright, patent or trade-mark laws joined to such actions. We do not agree.

The Lanham Trade-Mark Act of July 5, 1946, 15 U.S.C.A. §§ 1051–1127, hereinafter referred to as the Act, provides comprehensively for federal registration and protection of trade-marks, for protection of trade names, and for remedies against unfair competition. Section 1126(b) provides that nationals, etc., of foreign countries with which the United States has a convention or treaty relating to trademarks, trade names or unfair competition shall be entitled to the benefits and subject to the provisions of the Act insofar as essential to give effect to such conventions and treaties.[1] Subsection (i) of the same section provides: "Citizens or residents of the United States shall have the same benefits as are granted by this section to persons described in subsection (b) * * *." Subsection (h) provides that the persons described in subsection (b) "shall be entitled to effective protection against unfair competition, and the remedies provided in this chapter for infringement of marks shall be available so far as they may be appropriate in repressing acts of unfair competition." Subsection (g) provides: "Trade names or commercial names of persons described in subsection (b) of this section shall be protected without the obligation of filing or registration whether or not they form parts of marks." Therefore, under the provisions above mentioned, any citizen or resident may invoke in the United States District Court, for acts of unfair competition, whatever appropriate remedies would be avail-

able under the Act if infringement of a registered trade-mark were charged.

Appellee contends that Congress, in enacting the revision of Title 28, effective September 1, 1948, partially withdrew the jurisdiction over the repression of unfair competition which had been granted to the district courts by the Lanham Trade-Mark Act.[2] 28 U.S.C.A. § 1337, giving the district courts jurisdiction over actions arising under any Act of Congress regulating commerce, and § 1338(a), giving the district courts jurisdiction over actions arising under any Act of Congress relating to trade-marks, are rather a reaffirmation of the grant of jurisdiction in the Lanham Act. Appellee relies, however, upon § 1338(b), which provides: "The district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the copyright, patent or trade-mark laws."

In construing the sections of title 28 weight should be given to the reviser's notes which were included in the committee reports when the legislation was before Congress. See Ex parte Collett, 1949, 337 U.S. 55, 69 S.Ct. 944, 959, 93 L.Ed. 1207, 10 A.L.R.2d 921; United States v. National City Lines, 1949, 337 U.S. 78, 69 S.Ct. 955, 93 L.Ed. 1226. The reviser's note to § 1338 states: "Subsection (b) is added and is intended to avoid 'piecemeal' litigation to enforce common-law and statutory copyright, patent, and trade-mark rights by specifically permitting such enforcement in a single civil action in the district court. While this is the rule under Federal decisions, this section would enact it as statutory authority. The problem is discussed at length in Hurn v. Ousler, 1933, 289 U.S. 238, 53 S.

---

1. Effective protection against unfair competition is clearly essential to give effect to the International Convention for the Protection of Industrial Property of March 20, 1883, 25 Stat. 1372, and the General Inter-American Convention for Trade Mark and Commercial Protection of February 20, 1929, both of which conventions are specifically mentioned in § 1126(b). The acts of unfair competition which these conventions declare to be

unjust and prohibited are outlined in 15 U.S.C.A. §§ 81–1113, pp. 285–86. See 46 Stat. 2930–34, 53 Stat. 1780.

2. That Act, 15 U.S.C.A. § 1121, provided: "The district and territorial courts of the United States shall have original jurisdiction, * * * of all actions arising under this chapter, without regard to the amount in controversy or to diversity or lack of diversity of the citizenship of the parties."

Ct. 586, 77 L.Ed. 1148, and in Musher Foundation v. Alba Trading Co., 2 Cir., 1942, 127 F.2d 9, majority and dissenting opinions."

In Hurn v. Oursler, the plaintiff sought an injunction against presentation of a play which allegedly (a) infringed the copyright on a play of the plaintiff's and (b) was so similar to the plaintiff's copyright play as to make the threatened presentation an act of unfair competition. The Supreme Court held that because the federal claim, copyright infringement, and the non-federal claim, unfair competition, were two grounds supporting a single cause of action, i. e., violation of the right to protection of the copyrighted play, the district court had jurisdiction over the entire complaint. In Musher Foundation v. Alba Trading Co., 2 Cir., 1942, 127 F.2d 9, the complaint alleged both infringement of the plaintiff's patent for infusion of olive oil or paste into corn oil and unfair competition through the use of the word "infused" in advertising the defendant's product. The court held that on the facts the two claims were not closely enough related to come under the rule of Hurn v. Oursler. The dissenting opinion, referred to in the reviser's note, is illuminating: "The conceptual yardstick of [the Hurn] doctrine is the 'cause of action'; a single cause of action giving rise to both federal and non-federal rights may be completely adjudicated in the federal courts, where it must be anyhow because of the federal rights. * * * [T]he cause or ground of the action is, broadly, the unfair appropriation by defendant of plaintiff's property, protected by either state law or federal law or both, in a trade-mark or a book or an invention." 127 F.2d 11.

It is clear that both the Hurn and the Musher Foundation cases and, therefore, § 1338(b) are concerned with the conditions under which federal courts may, in the absence of diversity of citizenship, adjudicate rights against unfair competition arising under state law. The purpose of § 1338(b) is to extend federal jurisdiction to the furthest possible extent by means of the rule that where jurisdiction is established on a federal ground, the court may dispose of the entire case before it, including the adjudication of any non-federal grounds invoked for relief. Reliance on § 1338(b) is unnecessary where there is an independent ground of federal jurisdiction over an action for unfair competition. The ground of jurisdiction over the unfair competition alleged in the instant case is the exercise by Congress of its power to repress unfair competition which affects interstate commerce, through the enactment of the Lanham Act and the granting of jurisdiction over actions arising under that Act in §§ 1337 and 1338(a) of title 28. If the alleged unfair competition before us is purely local and did not affect interstate commerce, we then have to look for federal jurisdiction in § 1338(b), or in diversity of citizenship. But if the alleged unfair competition, though local in the sense that the defendant was transacting only intrastate business, nevertheless affected the plaintiffs' interstate business, the situation is otherwise.

A case of the kind last mentioned is not an appropriate one for the application of the rule that grants of federal jurisdiction should be construed strictly. Jurisdiction in such a case is unequivocally granted by the Lanham Act and by §§ 1337 and 1338(a) of title 28. If § 1338(b) is looked upon as limiting the jurisdiction thus granted, it can be only by construing § 1338(b) as an implied repeal of part of the Lanham Act. The rule that implied repeals are not favored and should be avoided if a reasonable construction permits is reinforced here by § 39 of the Act of June 25, 1948, c. 646, 62 Stat. 992, the statute by which the revision of Title 28 was enacted. Section 39 sets out schedules of statutory provisions which it declares to be "hereby repealed." No provision of the Lanham Act appears in the schedule of repealed laws. We construe § 1338(b) as not affecting the jurisdiction granted under the Lanham Trade-Mark Act.

The protection granted by the Lanham Act against unfair competition, however is limited by § 1126(h) of the Act to "the remedies provided in this chapter for infringement of marks * * * so far as they may be appropriate in repressing acts

of unfair competition." The general provision for remedies against trade-mark infringement is § 1114(1), which provides: "Any person who shall, *in commerce*, (a) use, without the consent of the registrant, any reproduction, counterfeit, copy, or colorable imitation of any registered mark in connection with the sale, offering for sale, or advertising of any goods or services on or in connection with which such use is likely to cause confusion or mistake or to deceive purchasers as to the source of origin of such goods or services *, *, shall be liable to a civil action by the registrant for any or all of the remedies hereinafter provided in this chapter * * *." (Emphasis ours.) Section 1127 provides: "In the construction of this chapter, unless the contrary is plainly apparent from the context—* * *

.. "The word 'commerce' means all commerce which may lawfully be regulated by Congress."

■ Under the trade-mark law as it existed prior to the present Act a party bringing an action for infringement was required to establish before he could recover that the infringer had used the copy or colorable imitation of the trade-mark in interstate or foreign commerce. 15 U.S.C. § 96 (1946 ed.); U. S. Printing & Lithograph Co. v. Griggs, Cooper & Co., 279 U.S. 156, 49 S.Ct. 267, 73 L.Ed. 650; Horlick's Malted Milk Corp. v. Horluck's, Inc., 9 Cir., 1932, 59 F.2d 13; Youngs Rubber Corp. v. C. I. Lee & Co., 2 Cir., 1930, 45 F.2d 103. Under the present Act, however, it need only be proved that the infringer has used the copy or imitation in commerce which Congress has power to regulate. An infringement committed in intrastate commerce but affecting interstate commerce could clearly be regulated by Congress and thus would be within the present Act. Such is the principle established in such cases as Houston, East and West Texas Railway Co. v. United States (Texas and Pacific Railway Co. v. United States), 1914, 234 U.S. 342, 34 S.Ct. 833, 58 L.Ed. 1341, and Wickard v. Filburn, 317 U.S. 111, 63 S.Ct. 82, 87 L.Ed. 122. In

the latter case at page 122 of 317 U.S., at page 88 of 63 S.Ct. it is stated: "It was soon demonstrated that the effects of many kinds of intrastate activity upon interstate commerce were such as to make them a proper subject of federal regulation." It was the failure of the district court and of this court to recognize this principle in Mandeville Island Farms v. American Crystal Sugar Co., D.C., 64 F.Supp. 265 and Id., 9 Cir., 159 F.2d 71, which led to reversal in Mandeville Island Farms, Inc., v. American Crystal Sugar Co., 334 U.S. 219, 68 S.Ct. 996, 92 L.Ed. 1328.

The protection given by the Act against unfair competition is similarly limited to that which may be lawfully regulated by Congress. The remedies available under § 1114 would not be "appropriate" under § 1126(h) for the repression of unfair competition unless the defendant in the unfair competition action met the § 1114 requirement of acting "in commerce." In the event § 1126(h) were not subject to the limitation contained in § 1114 that the defendant must have acted "in commerce," § 1126(h) would be subject to a claimed invalidity because it in whole or in part provided a remedy for acts beyond congressional power to regulate. In re Trade-Mark Cases, 1879, 100 U.S. 82, 25 L.Ed. 550. We think that by including the phrase "in commerce," Congress meant to confine the remedies provided against unfair competition to the area of its constitutional competence.

The trial court found that appellants "are engaged in interstate commerce."[3] The complaint alleges that appellants have developed a special apparatus and method for giving therapeutic treatments of passive exercise which they advertise in California and other states as "Stauffer" treatments and "Stauffer System" treatments. Appellants operate a place of business in Los Angeles where such treatments are rendered to the public and have licensed others to operate places of business, both in California and other states, where such treatments are rendered under appellants'

---

3. The answer also alleged: "That said plaintiffs, as appears from the allegations contained in the complaint, are engaged in interstate commerce."

supervision and control as to nature and quality. Appellants train the operators of the licensed places of business in the method of rendering the treatments and provide the necessary special apparatus. All the licensed businesses use. the trade name, "Stauffer", with the express consent of appellants. U. S'. v. South-Eastern Underwriters Ass'n, 1944, 322 U.S. 533, 550, 64 S.Ct. 1162, 88 L.Ed. 1440.

It does not appear from the complaint that the business in which appellee is allegedly committing acts of unfair competition is carried on elsewhere than in the state of California. By such acts it is alleged appellee is attempting to represent to the public that the services she offers originate with appellants, thereby wrongfully obtaining the advantages of the good will attached to, appellants' trade name and built up through appellants' extensive advertising. The complaint indicates an attempt to describe "activities which * * * may embrace integrated operations in many states."

The evidence taken at the separate trial, had for the purpose of enabling the trial court to determine its jurisdiction, is not before us. Under the theory adopted by the trial court in determining its jurisdiction it evidently deemed a finding as to whether the unfair competition indulged in by appellee affected the interstate transactions of appellants unnecessary. Under our theory of the law such a finding becomes important. We cannot say as a matter of law that it would be impossible for the intrastate business of appellee to affect the interstate business of appellants. It is easy to see how separate local acts of unfair competition in states other than California might operate to whittle away appellants' interstate business. Whether that business is so integrated that it, as a whole, might be adversely affected by acts of unfair competition wholly within the state of California is something we find ourselves unable to determine from the record now before us.

■ It is suggested. that the complaint fails to allege sufficient facts to disclose a case involving unfair competition "affecting" the interstate business of appellants. The rule is, of course, that the fact that

the action arises under the laws of the United States "must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." Gully v. First National Bank, 299 U.S. 109, 113, 57 S.Ct. 96, 98, 81 L.Ed. 70.

■ Here the determination of the question of jurisdiction was made after a preliminary hearing. See Rule 12(d), Fed. Rules Civ.Proc. 28 U.S.C.A. This was appropriate, for the answer had raised the defense of want of jurisdiction of the subject matter. Such a hearing called for findings of fact. King v. Wall & Beaver Street Corp., 79 U.S.App.D.C. 234, 145 F.2d 377.

It has been suggested that upon such a preliminary hearing the court should not be limited to the pleadings alone. Kaus v. Houston, D.C., 35 F.Supp. 327, 330, cited in Moore's Federal Practice, 2nd Ed., Vol. 2, pp. 2275–2276.

■ Because of the importance of the questions which have been presented by this appeal, we deem it not in the interest of sound judicial administration to dispose of this case here on the basis of the absence of a finding which, at the time of the trial, appeared to the court not to be important. "No conclusion in such a case should prudently be rested on an indefinite factual foundation." Kennedy v. Silas Mason Co., 334 U.S. 249, 256, 68 S.Ct. 1031, 1034, 92 L.Ed. 1347. Should the court below, on further hearing, find that the alleged unfair competition does not, or cannot possibly, affect the appellants' interstate commerce, then the conclusions heretofore arrived at by the district court will be required.

We think justice to the litigants requires that they be permitted a new trial of the question of jurisdiction. United States Smelting Refining & Mining Co. v. Lowe, 338 U.S. 954, 70 S.Ct. 493, and dissenting opinion, 9 Cir., 176 F.2d 813. And appellants should be permitted, should they be so advised, to amend their pleadings as authorized by 28 U.S.C.A. § 1653.

The cause is remanded with directions to the trial court to permit appellants to amend their complaint, should they so

968

desire, with leave to appellee to plead thereto, and to permit both parties to introduce evidence (in the event the record produced at the separate trial does not contain it) on the question of the effect, if any, of appellee's operations on appellants' interstate transactions, if the parties so desire, the trial court to make such findings thereon as it may be advised.

Remanded.

DENMAN, Chief Judge (dissenting).

The record below and the proceedings here show that at no time have appellants sought to amend their complaint, which, on its face, shows no act of defendant affecting any interstate commerce of appellants. Since they do not seek such amendment, the district court's judgment should be affirmed on that ground and without more.

It is a wrong to appellee to manufacture a contention raising an issue with which appellee was not faced below nor is faced here.

Since the transcript of the evidence was kept from the record by the act of appellants, and since they do not now seek to have it included, Rule 19 of our rules gives to appellee the right to have the case decided solely on the record as designated. It is not claimed by the appellants that the evidence shows any affecting of any interstate commerce. I think it error and a wrong to appellee to hold that there is such evidence and to order the court to make a finding thereon.

Furthermore, assuming we can consider the evidence before the district judge, I think it a violation of our Rule 19 not to order the transcript brought before us, to determine in this single proceeding whether the district court erred in not making the finding now ordered to be made. It well may be that the transcript shows that at the hearing the appellants there were given full freedom to introduce evidence on the issue of defendant's acts affecting appellants' commerce and that none was introduced, and hence it well may be that the litigation be ended in this court now. This court's order, when obeyed, well may lead to another appeal, with its costs, loss of

time and consumption of judicial effort below and here.

ORR and POPE, Circuit Judges.

On Petition for Rehearing.

The petition for rehearing is denied.

 In the petition appellee raises one question which we believe meritorious. It is that inasmuch as a remand was made because of the state of the record for which appellee was not responsible appellants should pay their own costs. It is so ordered.

DENMAN, Chief Judge (dissenting).

The petition for rehearing should be granted.

This court should not create against appellee an issue not in the record, thus giving her opponents two bites at the cherry.

The compulsion of appellants' payment of costs while giving them a reversal tells the story, for they chose to litigate the appeal without the transcript of the proceeding the district court is ordered to repeat.