**PANAVIEW DOOR AND WINDOW CO.,**
a corporation, Plaintiff,

v.

**Fred VAN NESS, Beatrice H. Van Ness, Sun Valley Sliding Door Company, Van Ness Louvre Company, a corporation, et al., Defendants.**

**No. 16767.**

United States District Court,
S. D. California, Central Division.

Sept. 24, 1954.

**330**

Thomas P. Mahoney, Los Angeles, Cal., for plaintiff.

David Mellinkoff, Beverly Hills, Cal., for defendants.

HALL, District Judge.

The complaint after amendments, as it now stands on the Motion to Dismiss, is a complaint for damages for unfair competition. There is no diversity of citizenship alleged. 28 U.S.C. § 1332. There is neither trade-mark nor trade-name, either registered or unregistered, asserted; and neither a copyright nor a patent is involved. 15 U.S.C.A. §§ 1051–1127.

The sole jurisdictional peg upon which plaintiff hangs its hat is the claim that, absent all of the above-mentioned elements, the Lanham Act, 15 U.S.C.A. §§ 1051–1127, gives this court jurisdiction of unfair competition cases if the operations are alleged to be in interstate commerce.

Plaintiff's position is grounded upon three Ninth Circuit cases, i. e., Stauffer v. Exley, 1950, 184 F.2d 962, Pagliero v. Wallace China Co., 1952, 198 F.2d 339, and Ross-Whitney Corp. v. Smith, Kline & French Laboratories, 1953, 207 F.2d 190.

The position of plaintiff is best summed up in the quotation from the Ross-Whitney case, supra, 207 F.2d at page 193, as follows:

"Furthermore, this court recently held in Stauffer v. Exley, 9 Cir., 1950, 184 F.2d 962, that the District Court has original jurisdiction over causes alleging unfair competition where the acts complained of affect interstate commerce even in the absence of diversity of citizenship of the parties and jurisdictional amount and where there is no substantial and related claim under the federal trade-mark laws. Citing 15 U.S.C.A. § 1126(b), (h) and (i)."

The foregoing is a very broad statement, as are similar statements in the Pagliero v. Wallace China Co., and Stauffer v. Exley cases, supra. The three foregoing cases are contrary to the conclusions reached by the Second Circuit in American Auto Association v. Spiegel, 1953, 205 F.2d 771, certiorari denied 346 U.S. 887, 74 S.Ct. 138, and by the Third Circuit in L'Aiglon Apparel, etc. v. Lobell, 214 F.2d 649.

█ If the matter were before me initially, I would follow the reasoning of the Second and Third Circuits as I think it is more sound than the expressions of the Ninth Circuit in the three cases first above-mentioned. However, it is my duty to follow the decisions of the Ninth Circuit. Thus the Stauffer, Pagliero and Ross-Whitney cases, supra, except insofar as they are distinguishable, must govern the action of this court until the conflict between the Circuits is resolved by decisions of the Supreme Court, or otherwise.

In an examination of those three cases, it does not appear that statements to the effect of that hereinbefore quoted from the Ross-Whitney case, supra, were necessary to the decision of any one of the three of them, and are, therefore, dicta. In the Stauffer case, there was no diversity, but there was an unregistered trade-name; in the Pagliero case, there was no diversity, but words in description of the product were used which the Court said were, "* * * in effect, trade-mark uses"—198 F.2d at page 344; in the Ross-Whitney case, there was both diversity and a registered trade-mark. Hence there was in each of them an independent ground for

jurisdiction as to trade-name or trade-mark, under 15 U.S.C. § 1126(g), (b) and (i), and under 28 U.S.C. § 1332, as to the diversity involved in the Ross-Whitney case.

Plaintiff also relies upon the case of Haeger Potteries, Inc., v. Gilner Potteries, D.C., 123 F.Supp. 261, wherein an opinion was handed down by Judge Mathes. But in that case, there *was diversity*. In the opinion in that case, Judge Mathes distinguished the Stauffer and Pagliero cases, supra, in the following language, with which I agree:

"It seems proper nonetheless to construe the holdings as being only as broad as necessary to sustain federal jurisdiction in those particular cases, both of which as stated before involved unregistered 'trade names' within the meaning of the Lanham Act. See: 15 U.S.C. §§ 1126, 1127, 1114–1125; cf. Stauffer v. Exley, supra, 184 F.2d [962] at page 963–964; Chamberlain v. Columbia Pictures Corp., supra, 186 F.2d [923] at page 924; Sunbeam Furniture Corp. v. Sunbeam Corp., supra, 191 F.2d [141] at page 145; Pagliero v. Wallace China Co., supra, 198 F.2d [339] at page 341; Ross-Whitney Corp. v. Smith Kline & French Lab., 9 Cir., 1953, 207 F.2d 190, 193–194; and see seriatim: Hearings on H.R. 9041, 75th Cong., 3d Sess. 195 (1938); Hearings on H.R. 4744, 76th Cong., 1st Sess. 164, 169–171 (1939); Diggins, Federal and State Regulation of Trade-Marks, 14 Law & Contemp. Prob. 200 (1949); Lunsford, Trade-Marks and Unfair Competition, 40 Trade-Mark Rep. 169, 179 (1950); 64 Harv.L.Rev. 1209 (1951); Note, Federal Jurisdiction over Unfair Competition, 37 Minn.L.Rev. 268, 278 (1953); Note, Trade-Marks, Unfair Competition, and the Courts, 66 Harv.L.Rev. 1094, 1101 (1953); 22 Geo.Wash.L.Rev. 367 (1954)."

The complaint thus fails to show jurisdiction, and the Motion to Dismiss will be granted without leave to amend upon the signing of an order and judgment to that effect, which the defendant is directed to prepare and submit under the Rules.