## HIGGINS *v.* KEUFFEL.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 290.   Argued April 7, 8, 1891. — Decided May 11, 1891.

A label placed upon a bottle to designate its contents is not a subject for copyright.

In order to maintain an action for an infringement of the ownership of a label, registered under the provisions of the act of June 18, 1874, 18 Stat. 78, 79, c. 301, it is necessary that public notice of the registration should be given by affixing the word " copyright " upon every copy of it.

THE complainants were citizens of the United States, and residents of Brooklyn in the State of New York. They were engaged in the manufacture of various articles, among others

of inks, in that city and in the city of New York, and have been since 1885. They claimed to be entitled to the exclusive use of a label containing the words "water-proof drawing ink," and that the defendants had infringed upon their rights by the use of the label on bottles of ink manufactured and sold by them. The present suit was brought to compel the defendants to account for the profits made by them from the use of this label, and to restrain them from its further use.

The bill alleged that some time prior to 1880 one of the complainants, Charles M. Higgins, invented a liquid drawing ink possessing the quality of being insoluble and indelible, or proof against water, when dried; that since its invention either he or the complainants as copartners had been exclusively engaged in its manufacture and sale; that subsequently to the invention he devised and adopted as a name or title for the ink, and as a label for the same in the commerce and sale thereof, the words "water-proof drawing ink;" that since then the ink had become widely and favorably known, and been extensively sold by that name or title; that, being desirous to secure to himself and assigns the sole and exclusive right to the use of the same, he, on the 27th of October, 1883, entered and registered the said label in the United States Patent Office, pursuant to the act of Congress of June 18, 1874, "to amend the law relating to patents, trade marks and copyrights," 18 Stat. c. 301, and complied with all its requirements; that thereafter, on November 20, 1883, the Commissioner of Patents issued to him a certificate of the registration of the label, designated No. 3693; that this was done before the label was used by the complainants, or either of them; that by the registration he secured to himself and assigns the exclusive right to the use of the label for twenty-eight years; and that on May 1, 1885, he sold to the firm of which he was a member that right for the term of five years from date, with all the gains, profits and advantages arising therefrom. The bill further averred that this right of the complainants to the exclusive use of the label thus registered had been violated by the defendants, who had used it upon bottles of ink manufactured and sold by them, to the great damage and detriment of

the complainants, and that they threatened to continue such infringement. The complainants, therefore, prayed for an injunction against the further use of the label by the defendants, and that they be decreed to render an account of the number of bottles sold by them, and to pay to the complainants the profits arising from such sales.

The material allegations of the bill were denied by the defendants in their answer, to which a replication was filed. Evidence being taken, the case was heard on the pleadings and proofs, and on April 27, 1887, a decree was rendered dismissing the bill. 30 Fed. Rep. 627. From that decree an appeal was taken to this court.

*Mr. William A. Redding* for appellants. *Mr. Charles B. Alexander* filed a brief for same.

*Mr. Louis C. Raegener* for appellees.

MR. JUSTICE FIELD, after stating the case as above, delivered the opinion of the court.

The complainants found their claim to an injunction restraining the use of their registered label by the defendants, and to an accounting for the profits made by them on the sales of bottles of ink with such labels, upon the ground that one of their number had secured a copyright of the same for the period of twenty-eight years from the time it was registered, and had transferred to them his exclusive right to its use for five years from May 1, 1885. On the other hand, the defendants contest the claim upon the ground that the Constitution does not authorize a copyright of labels, which are simply intended to designate the articles upon which they are placed; and also on the ground that, if labels are within the copyright law, the conditions of that law were not complied with.

The clause of the Constitution under which Congress is authorized to legislate for the protection of authors and inventors is contained in the eighth section of article one, which declares that "the Congress shall have power to promote the progress of science and useful arts, by securing for limited

times to authors and inventors the exclusive right to their respective writings and discoveries."

This provision evidently has reference only to such writings and discoveries as are the result of intellectual labor. It was so held in *Trade-mark Cases,* 100 U. S. 82, where the court said that "while the word *writings* may be liberally construed, as it has been, to include original designs for engravings, prints, etc., it is only such as are *original,* and are founded in the creative powers of the mind." It does not have any reference to labels which simply designate or describe the articles to which they are attached, and which have no value separated from the articles; and no possible influence upon science or the useful arts. A label on a box of fruit giving its name as "grapes," even with the addition of adjectives characterizing their quality as "black," or "white," or "sweet," or indicating the place of their growth, as Malaga or California, does not come within the object of the clause. The use of such labels upon those articles has no connection with the progress of science and the useful arts. So a label designating ink in a bottle as "black," "blue," or "red," or "indelible," or "insoluble," or as possessing any other quality, has nothing to do with such progress. It cannot, therefore, be held by any reasonable argument that the protection of mere labels is within the purpose of the clause in question. To be entitled to a copyright the article must have by itself some value as a composition, at least to the extent of serving some purpose other than as a mere advertisement or designation of the subject to which it is attached. This was held substantially in *Scoville* v. *Toland,* 6 Western Law Journal, 84, which was before the Circuit Court of the United States for the District of Ohio as early as 1848. There, application was made for an injunction to restrain the use of a label containing the words: "Doctor Rodgers' Compound Syrup of Liverwort and Tar. A safe and certain cure for consumption of the lungs, spitting of blood, coughs, colds, asthma, pain in the side, bronchitis, whooping-cough, and all pulmonary affections. The genuine is signed Andrew Rodgers," which the complainant had entered in the clerk's office of the District Court of the United States for the

District of Ohio, and in other respects complied with the law. It was shown by several affidavits that the medicine prepared by the complainant was efficacious in diseases. The defendants insisted that the label was not the subject of copyright. In considering this question Mr. Justice McLean, presiding in the Circuit Court, referred to the act of Congress of 1831, giving a copyright to the author of any book or books (4 Stat. c. 16, p. 436) and held that the label was not a book within its meaning, although it had been decided under the English statute that a composition upon a single sheet might be considered as a book. *Clementi* v. *Goulding*, 2 Camp. 25, 32. But Mr. Justice McLean, distinguishing the case before him, said: "The label which the complainant claims to be a book refers to a certain medicinal preparation, and was designed to be an accompaniment of it. Like other labels, it was intended for no other use than to be pasted on the vials or bottles which contained the medicine. As a composition distinct from the medicine, it can be of no value. It asserts a fact that 'Doctor Rodgers' Compound Syrup of Liverwort and Tar' is a certain cure for many diseases, but it does not inform us how the compound is made. In no respect does this label differ from the almost numberless labels attached to bottles and vials containing medicines, and directions how they shall be taken. Now these are only valuable when connected with the medicine. As labels they are useful, but as mere compositions, distinct from the medicine, they are never used or designed to be used. This is not the case with other compositions which are intended to instruct and amuse the reader, though limited to a single sheet or page. Of this character would be lunar tables, sonata, music, and other mental labors concentrated on a single page." The court was, therefore, of opinion that the statute could not bear a construction admitting the label within its protection, and the injunction was refused.

The law of 1831, so far as books or compositions in writing are concerned, was as broad as the law now in force, and the label there rejected as not within the statute was more extended and full than the one now before us. The rule applied in that case is as applicable now.

A trade mark may, sometimes, it is true, in form, serve as a label, but it differs from a mere label in such cases in that it is not confined to a designation of the article to which it is attached, but by its words or design is a symbol or device which, affixed to a product of one's manufacture, distinguishes it from articles of the same general nature, manufactured or sold by others, thus securing to the producer the benefits of any increased sale by reason of any peculiar excellence he may have given to it. *Manufacturing Co.* v. *Trainer*, 101 U. S. 51, 53. A mere label is not intended to accomplish any such purpose, but only to indicate the article contained in the bottle, package or box, to which it is affixed. The label here is not claimed as a trade mark. If the complainants have any right to its words as a trade mark, it is not in any manner involved in this case, as was stated by the court below.

But, assuming that the Constitution authorizes legislation for the protection of mere descriptive labels as properly the subjects of copyright, and that the statute relating to copyright of books and other compositions in writing includes such labels, the proceedings taken to secure a copyright of the label in the present case were insufficient and ineffectual for that purpose.

The Revised Statutes of the United States secure to the author, inventor or proprietor of any book, map, chart, dramatic or musical composition, engraving, cut, print or photograph, and to the executors, administrators or assigns of such person, the sole liberty of printing, reprinting, publishing, completing, copying, executing, finishing and vending the same, upon complying with certain provisions. Sec. 4952.

One of those provisions is, that the person seeking a copyright shall, before publication, deliver at the office of the Librarian of Congress, or deposit in the mail addressed to such librarian, a printed copy of the book or other article for which he desires a copyright, and within ten days from the publication thereof deliver at the office of such librarian, or deposit in the mail addressed to him, two copies of such copyright book or other article. Sec. 4956.

They also provide that no person shall maintain an action

for the infringement of his copyright unless he has given notice thereof by inserting in the several copies of every edition published, on the title page or the page immediately following, if it be a book; or if a map, chart, musical composition, print, cut, engraving or photograph, by inscribing upon some portion of the face or front thereof, or on the face of the substance on which the same shall be mounted, the following words : " Entered according to act of Congress, in the year ——, by A. B., in the office of the Librarian of Congress at Washington." Sec. 4962.

The act of June 18, 1874, 18 Stat. c. 301, p. 78, changes the previous law in some respects. It allows, in place of the statement of entry in the office of the librarian, the simple use of the word " copyright," with the addition of the year it was entered and the name of the party by whom it was taken out. It also declares that the words " engraving," " cut " and " print " shall be applied only to pictorial illustrations or works connected with the fine arts; and also that no prints or labels designed to be used for any other articles of manufacture shall be entered under the copyright law, but may be registered in the Patent Office. And the Commissioner of Patents is charged with the supervision and control of the entry or registry of such prints or labels in conformity with the regulations provided by law as to copyright of prints. This statute does not, however, make any change in the requirement of notice; it only permits the form of it to be changed. The copyright is secured when the registration is complete, and a certificate of the registration is given by the commissioner; just as under the former law it was secured when the proper filing had been made with the Librarian of Congress and his certificate was issued. But in this case notice of the copyright obtained has not been given as required. The law in that respect has not been followed. The fact of registration alone is placed upon the label. The word " copyright " is not used, and, of course, with its omission the essential facts respecting any copyright are omitted also. The law, therefore, has not been complied with, and by its very terms no action can be maintained for the infringement of the alleged copyright with-

out such compliance, and, of course, no suit in equity to restrain any future use of the label. Rev. Stat. § 4962; *Wheaton* v. *Peters*, 8 Pet. 591; *Callaghan* v. *Myers*, 128 U. S. 617, 652.

*Decree affirmed.*