GIBSON ART CO. *v.* UNITED STATES (No. 1407).[1]

LABELS.

The Christmas seals of the importation are used during the Christmas holidays by attaching them indiscriminately to all kinds of packages, regardless of the contents of these. They are not properly labels, and are not dutiable as such under paragraph 412, tariff act of 1909.

United States Court of Customs Appeals, October 29, 1914.

APPEAL from Board of United States General Appraisers, Abstract 34946 (T. D. 34247).

[Reversed.]

*Allan R. Brown* for appellant.

*Bert Hanson*, Assistant Attorney General (*Thomas J. Doherty*, special attorney, on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

The merchandise involved in this appeal consists of small paper disks, one kind being 1½ inches in diameter, the other being seven-

---

[1] Reported in T. D. 34876 (27 Treas. Dec., 388).

eighths of an inch in diameter. One of these kinds is embossed with a picture of a fir tree and the other with a picture of holly leaves and berries, both bearing the inscription "Merry Christmas." The tree and the leaves of the pictures are in green, the berries and outside borders being in red.

In the appraiser's official report upon the merchandise it is stated that "the merchandise is commonly known as Christmas seals, used in the decoration and sealing of Christmas packages and letters."

The merchandise was classified by the collector as "labels lithographically printed in less than eight colors, embossed or die-cut," within the terms of paragraph 412 of the tariff act of 1909, and accordingly duty was assessed thereon at the rate of 30 cents per pound.

The importers protested against the assessment, contending that the articles in question were not "labels," and claiming assessment at the rate of 20 cents per pound under the provision in the same paragraph for all other articles not therein specifically provided for and not exceeding eight one-thousandths of an inch in thickness.

The protest was heard by the Board of General Appraisers and was overruled, from which decision the present appeal is prosecuted by the importers.

The following is a copy of the pertinent parts of paragraph 412 of the tariff act of 1909:

412. Pictures, calendars, cards, labels, flaps, cigar bands, placards, and other articles, composed wholly or in chief value of paper, lithographically printed in whole or in part from stone, metal, or material other than gelatin * * *, shall pay duty at the following rates: Labels and flaps, printed in less than eight colors (bronze printing to be counted as two colors), but not printed in whole or in part in metal leaf, twenty cents per pound; cigar bands of the same number of colors and printings, thirty cents per pound; * * * all labels, flaps, and bands not exceeding ten square inches cutting size in dimensions, if embossed or die-cut, shall pay the same rate of duty as hereinbefore provided for cigar bands of the same number of colors and printings * * *; all other articles than those hereinbefore specifically provided for in this paragraph, not exceeding eight one-thousandths of one inch in thickness, twenty cents per pound; * * *.

It will be seen therefore that the sole question now in issue is whether the importations are "labels" under paragraph 412, *supra.* If the articles are such labels they would be dutiable under the paragraph at 30 cents per pound, as assessed. On the other hand, if the articles are not such labels they would be dutiable under the paragraph at 20 cents per pound, as claimed by the importers. No testimony at all was submitted to the board at the trial; therefore the statutory term "label" must be given its ordinary and usual signification in the consideration of the present case. The question therefore is, whether the present articles are "labels" in the common acceptation of that term.

In deciding such an issue the court must rely upon its common knowledge of the language, and should also consult those standard

authorities which seek to express and preserve the common knowledge upon that subject. The following quotations from dictionaries and like authorities are therefore given as aids in ascertaining the common signification of the term in question:

*Label.*—A slip of paper or any other material, bearing a name, title, address, or the like, affixed to something to indicate its nature, contents, ownership, destination, or other particulars.—*Century.*

*Label.*—A narrow slip of silk, paper, etc., affixed to anything, denoting its contents, ownership, or the like; as, the label of a bottle or a package.—*Webster.*

*Label.*—A slip or tag of paper or other material affixed to something and bearing an inscription to indicate its character, ownership, or destination.—*Standard.*

*Label.*—A small piece of paper, or other material, containing a name, title, or description, and affixed to anything to indicate its nature or contents.—*Worcester.*

*Label.*—A slip of paper, cardboard, metal, etc., attached or intended to be attached to an object and bearing its name, description, or destination. (The chief current sense.)—*Oxford.*

*Label.*—(A French word, now represented by *lambeau,* possibly a variant; it is of obscure origin and may be connected with a Teutonic word appearing in the English "lap," a flap or fold), a slip, ticket, or card of paper, metal, or other material, attached to an object, such as a parcel, bottle, etc., and containing a name, address, description, or other information for the purpose of identification. * * * —*Encyclopædia Britannica.*

*Label.*— * * * (c) The usual meaning now, a strip or small piece of paper, sheet metal, cloth, or other material, attached to a package to describe it in some way, as to tell its nature, the maker, the weight, destination, or any other information concerning it. * * * —*International Encyclopædia.*

*Label.*—A placard or slip attached to an object to denote its contents, destination, or ownership; a slip of paper or any other material bearing a name, title, address, or the like, affixed to something to indicate its nature, contents, ownership, destination, or other particulars; a small piece of paper, or other material, containing the name, title, or description, and affixed to indicate its nature or contents; a narrow slip of silk, paper, parchment, etc., affixed to anything denoting its contents, ownership, and the like.—*Cyclopedia of Law and Procedure.*

A trade-mark may, sometimes, it is true, in form, serve as a label, but it differs from a mere label in such cases in that it is not confined to a designation of the article to which it is attached, but by its words or design is a symbol or device which, affixed to a product of one's manufacture, distinguishes it from articles of the same general nature manufactured or sold by others, thus securing to the producer the benefits of any increased sale by reason of any peculiar excellence he may have given it. · Manufacturing Co. *v.* Trainer (101 U. S., 51, 53). A mere label is not intended to accomplish any such purpose, but only to indicate the article contained in the bottle, package, or box to which it is affixed.—*Mr. Justice Field in Higgins v. Keuffel (140 U. S., 428, 433).*

The authorities just cited agree with remarkable. unanimity upon the definition of the term in question, and accordingly the name is held to signify a strip or small piece of paper, sheet metal, cloth, or other material attached to a package or article to describe it in some way, as by telling its nature, the name of the maker, its weight, destination, or some other information concerning it.

The foregoing definition seems to furnish a clear answer to the present inquiry. For the Christmas seals now in question are placed upon letters, parcels, and articles during the holidays as

mere ornaments appropriate to the season and expressive of its spirit of cheer and good will, and are not designed at all for any utilitarian purpose. They may, indeed, serve in some measure to secure or seal up the package upon which they are placed, but such a use does not tend to establish their identity as labels, for they bear no relation at all to the character of the article or package upon which they may be placed, nor to the name of the maker thereof, nor to the use of the article, its weight, its value, its destination, its consignee, or any other fact concerning the same. As is well known, such seals are placed indiscriminately during the holidays upon all kinds of packages regardless of the character of their contents or of the transactions in which they appear; upon gifts, and also upon vended wares; upon articles of great value and also upon cheap and commonplace goods; upon packages passing between relatives and friends and also upon those passing between casual vendors and vendees. In fact, the use of such seals upon articles or packages signifies little more than that it is Christmas time, and this does not bring the seal within any one of the foregoing definitions of the term "label." To extend that term so as to include this article would be a distinct enlargement of its well-defined common acceptation.

In this view of the case the decision of the board is *reversed* and reliquidation is ordered.