## BOBRECKER v. DENEBEIM et al.
### No. 2997.

District Court, W. D. Missouri, W. D.

June 23, 1939.

Thomas E. Scofield and Henry L. Shenier, both of Kansas City, Mo., for plaintiff.

C. Earl Hovey, Roy E. Hamilton, Rosenberg & Brenner, and Arthur C. Brown, all of Kansas City, Mo., for defendants.

REEVES, District Judge.

This is a suit for an alleged infringement of a copyright. Being mechanical and artistic rather than literary, the copyright was effected by registration in the Patent office.

The particular copyright covers a label and falls under classification (k), Section 5, Title 17, U.S.C., 17 U.S.C.A. § 5(k), relating to the particular subject of Copyrights. The classification is there given as: "Prints and pictorial illustrations." It was used on bottles containing whiskey. Its registration was completed early in the year 1915. At that time the plaintiff desired to have a distinctive print or illustration for a special brand of whiskey.

The selection of such a label was discussed with a representative of a lithographing establishment. A sketch of the text and illustration was worked out by the agent for the lithographers as a condition precedent to the sale of a quantity of labels to plaintiff. Such sketch was made and submitted to plaintiff's representative, and, being satisfactory, a label was designed in accordance with an understanding reached between the lithographer's agent and plaintiff.

As a basis for the new design or particular illustration with text, both the pictorial illustration as well as the text were borrowed or copied from labels then in use. Such labels were of the stock variety, and subject to use by any one ordering them.

Apparently, from the testimony, each person using labels preferred some variation in design from those being used by others. When the sketch of this particular label was approved, steps were immediately taken to protect its use under the copyright law by registration in the patent office. It was so registered.

The defendants have raised questions of ownership, assignment, abandonment, laches, etc. These need not be here discussed, though considered, in view of the more important question of copyright validity.

Other facts will be stated if they become pertinent in the course of this memorandum opinion.

█ 1. As aptly stated by Mr. Justice Holmes, in Bleistein v. Donaldson Lithographing Co., 188 U.S. 239, loc. cit. 250, 23 S.Ct. 298, loc. cit. 300, 47 L.Ed. 460: Prints and pictorial illustrations may be subject to registration under the copyright law where such prints or pictorial illustrations represent "the personal reaction of an individual upon nature. Personality always contains something unique. It expresses its singularity even in handwriting, and a very modest grade of art has in it something irreducible, which is one man's alone. That something he may copyright unless there is a restriction in the words of the act."

In discussing the print or pictorial illustration in that case, Mr. Justice Holmes fixed the standard of eligibility for registration under the copyright law as follows: "There is no reason to doubt that these prints in their ensemble and in all their details, in their design and particular combinations of figures, lines and colors, are the original work of the plaintiffs' designer."

In the case at bar the agent for the engraver presented to plaintiff's representative certain stock labels and recommended to him a label as a type or pattern from those presented. The pictorial part was precisely that employed in well known and much used labels. The texts to be inscribed upon the label were such as were then in use and well known. There was a slight variation in the arrangement of the text in relation to the pictorial illustration and a difference in the scroll about the medallion or vignette. There was nothing original in this, nor was it pretended that it was original.

In the case of Stecher Lithographic Co. v. Dunston Lithograph Co., D.C., 233 F. 601, loc. cit. 603, the court there fixed eligibility for copyright registration as follows: "It is enough that the evidence shows that the pictures in their details, design, and combination of lines and colors originated with the complainant and are in fact pictorial illustrations or works connected with the fine arts."

█ In this case the illustrations were familiar to all users of labels on bottled goods of the character here used. The text in such cases as merely descriptive matter is not subject to copyright, and, as a matter of art, is only a part of the copyright when it aids or augments the pictorial illustration. The plaintiff therefore could not complain about the use of the same words, as these are purely textual, and neither could the plaintiff properly complain because the defendant used similar words in connection with similar pictorial illustrations. This was aptly covered in Higgins v. Keuffel, 140 U.S. 428, loc. cit. 431, 11 S.Ct. 731, loc. cit. 732, 35 L.Ed. 470, where the court said: "It cannot, therefore, be held by any reasonable argument that the protection of mere labels is with-

in the purpose of the clause in question. *To be entitled to a copyright the article must have by itself some value as a composition, at least to the extent of serving some purpose other than as a mere advertisement or designation of the subject to which it is attached.*"

When plaintiff approved the sketch prepared by the representative of the lithographers, the matter was then placed in the hands of the artists for the lithographers to work out the details, and the ensemble appearing on the label with all of the original illustrations was admittedly borrowed or copied from other labels then in use. Moreover, it was not a combination that bore the stamp of originality for the reason that the identical ensemble and details were then being used in other labels.

2. In the alleged infringing label the defendant concededly did not copy the design and details of plaintiff's label. An inspection of the two reveals a different arrangement, both as to text as well as the well known pictorial illustration or the medallion or vignette. The scrolls are different. Both of the parties employed long used texts and well known pictorial illustrations. There was a mere difference in the ensemble, but in neither case was there originality or an improvement which denotes progress in art.

While it is true that an infringement is not confined to literal and exact registration or reproduction, yet, in this case, each of the products was but a variation of familiar and frequently reproduced labels of a stock nature.

As said in 13 C.J., p. 1041, Section 141: "Only such cuts, prints, and engravings as constitute pictorial illustrations or works connected with the fine arts may be entered under the copyright law." * * * But, "Under this statute no labels, even though possessed of artistic merit, can be copyrighted if they are designed to be used for any article of manufacture."

Throughout the briefs and arguments of the plaintiff emphasis is placed upon the textual part of the label. And this appears to be an additional reason why the copyright is invalid.

In view of the foregoing, it should be concluded that the registration for copyright purposes of plaintiff's label is invalid.

The parties have presented a transcript of the record, numerous exhibits, and extensive briefs. These have been examined. The authorities cited have been read, and additional researches have been made. It does not seem necessary because of the amount of work involved to discuss all of the cases cited by the parties.

A decree dismissing plaintiff's bill for want of equity should be entered.