**ADVERTISERS EXCHANGE, Inc., v. ANDERSON.**

**ANDERSON v. ADVERTISERS EXCHANGE, Inc.**

Nos. 12844, 12846.

Circuit Court of Appeals, Eighth Circuit.

Oct. 2, 1944.

908

E. L. Carroll, of Creston, Iowa, and Louis Fieldman, of New York City, for Advertisers Exchange, Inc.

Kenneth H. Davenport, of Creston, Iowa, for Hazel Anderson.

Before SANBORN, WOODROUGH, and JOHNSEN, Circuit Judges.

JOHNSEN, Circuit Judge.

The action is one for copyright infringement, 37 Stat. 489, 17 U.S.C.A. § 25, dismissed by the trial court on the merits, D.C., 52 F.Supp. 809. Plaintiff has appealed from the dismissal, and defendant has appealed from the refusal to award her an attorney's fee under 35 Stat. 1084, 17 U.S.C.A. § 40.

Plaintiff had copyrighted as "books", under 37 Stat. 488, 17 U.S.C.A. § 5(a), some manuals containing illustrations and applicable text material for advertisements by beauty parlors. The manuals were furnished to the subscribers for plaintiff's beauty parlor service, together with a matrix of each of the suggested advertisements for use in local publication.

None of the matrices, however, contained the form of copyright notice prescribed by 35 Stat. 1079, 17 U.S.C.A. § 18, for copies of books or parts thereof. The statute provides that the required notice of copyright for books "shall consist either of the word 'Copyright' or the abbreviation 'Copr.', accompanied by the name of the copyright proprietor, and if the work be a printed literary, musical, or dramatic work, the notice shall include also the year in which the copyright was secured by publication." Instead of the word "Copyright" or the abbreviation "Copr.", plaintiff had used on all its matrices the letter "C" inclosed within a circle, which the statute permits as part of the legend for copyrights of works of art or of prints and pictorial illustrations as classified by 17 U.S.C.A. § 5(g) and (k). But plaintiff had not copyrighted any of its illustrations and their text material as a work of art or as a print and pictorial illustration, but only as a component part of a book.

The trial court held that, in thus furnishing matrices of parts of its manuals and allowing its subscribers to publish them, without attaching the form of copyright notice required for books or parts thereof, these parts of the manuals had become released from the copyright to the general public, and that defendant, who had used some of the advertisements in a local newspaper for her beauty parlor, was therefore not guilty of any infringement of copyright.

We think this holding was correct. "One of the ever present conditions precedent to the securing [and preserving] of full rights of the American copyright laws is the requirement of notice of copyright." 34 Am.Jur., Literary Property and Copyright, § 55. The notice to be legally effective must satisfy the prescriptions of the statute. Higgins v. Keuffel, 140 U.S. 428, 434, 11 S.Ct. 731, 35 L.Ed. 470. "It is incorrect to say that any form of notice is good * * * since, the right being purely statutory, the public may justly demand that the person claiming a monopoly of publication shall pursue, in substance at least, the statutory method of securing it." Mifflin v. R. H. White Co., 190 U.S. 260, 264, 23 S.Ct. 769, 771, 47 L.Ed. 1040. While some slight literal variance from the form of notice prescribed may perhaps not necessarily be fatal, there clearly can be no general or substantial deviation. In the present situation, where the statute prescribes a definite general form of notice and designation of copyright, but permits the use of a certain special form and designation for some specified classes of copyrights only, the use of the special form and designation obviously is intended to be limited to the specified classes as a matter of law, and its use as to a copyright for which the general form and designation are required cannot constitute a sufficient legal notice of copyright.

Thus, it was held in Basevi v. Edward O'Toole Co., D.C.S.D.N.Y., 26 F.Supp. 41, 48: "As these catalogues were the subject of book copyrights—and what was protected was such component parts of the copyrighted book as had never before been in the public domain—the plaintiff cannot * * * maintain his copyright by having the form of copyright notice put on them,

required for reproductions of works of art, under the requirements of Section 18 of the Copyright Act, 17 U.S.C.A. § 18."

So, too, in Deward & Rich v. Bristol Savings & Loan Corporation, D.C.W.D.Va., 34 F.Supp. 345, 348, judgment affirmed 4 Cir., 120 F.2d 537, the court declared: "The only copyright obtained by the plaintiff was the copyright of Volume A as a 'book' under subsection (a) of Section 5 * * *. I therefore find that the copyright notice required by Section 18 for any part of Volume A was the word 'Copyright' or the abbreviation 'Copr.' accompanied by the name of the copyright proprietor and the year in which the copyright was secured, and the plaintiff's attempted use of the letter 'C' enclosed by a circle, accompanied by the abbreviated name of the copyright proprietor, was insufficient as a copyright notice * * *."

Plaintiff argues that, if the notices upon its matrices were improper or insufficient, it ought still to be entitled to recover, under 35 Stat. 1080, 17 U.S.C.A. § 20. That section of the statute provides: "Where the copyright proprietor has sought to comply with the provisions of this title with respect to notice, the omission by accident or mistake of the prescribed notice from a particular copy or copies shall not invalidate the copyright or prevent recovery for infringement against any person who, after actual notice of the copyright, begins an undertaking to infringe it * * *." But the deliberate selection and use of a certain form of copyright notice, which fails to meet the substantive requirements of 17 U.S.C.A. § 18, can hardly be termed an "omission by accident or mistake of the prescribed notice from a particular copy or copies", within the intent of 17 U.S.C.A. § 20. Cf. Krafft v. Cohen, 3 Cir., 117 F.2d 579, 581; United Thrift Plan v. National Thrift Plan, D.C.E.D.N.Y., 34 F.2d 300, 301–302; Deward & Rich v. Bristol Savings & Loan Corporation, D.C.W.D.Va., 34 F. Supp. 345, 350, affirmed 4 Cir., 120 F.2d 537; Sieff v. Continental Auto Supply, D.C. Minn., 39 F.Supp. 683, 687, 688.

The views stated above require an affirmance of the dismissal of plaintiff's action, and it is therefore unnecessary to consider any of the other matters discussed by the trial court and reargued here.

As to the refusal to award defendant an attorney's fee, it is sufficient to say that, under 17 U.S.C.A. § 40, that question was one for the discretion of the trial court and no abuse of discretion appears. Cf. Buck v. Bilkie, 9 Cir., 63 F.2d 447; Marks v. Leo Feist, Inc., 2 Cir., 8 F.2d 460, 461; Cain v. Universal Pictures Co., D.C.S.D.Cal., 47 F.Supp. 1013, 1019.

Affirmed.