**BOOTH v. HAGGARD et al.**
No. 14105.

United States Court of Appeals
Eighth Circuit.

Oct. 17, 1950.

Fred Louis, Jr., Harlan, Iowa (Bennett Cullison, Harlan, Iowa, was with him on the brief), for appellant.

Luke E. Linnan, Algona, Iowa (Joe E. Lynch, Algona, Iowa, was with him on the brief), for appellees.

Before GARDNER, Chief Judge, THOMAS, Circuit Judge, and DEWEY, District Judge.

THOMAS, Circuit Judge, delivered the opinion of the Court.

This is a suit for an injunction and for damages and profits for the alleged infringement of a copyright under the Act of July 30, 1947, c. 391, 61 Stat. 652, 17 U.S.C.A. § 101. The defendants moved for judgment on the pleadings on the ground that Exhibit 1 attached to plaintiff's petition and made a part thereof, being a copy of plaintiff's alleged copyrighted book, shows conclusively that the title page is on the front cover of the book and that no notice of copyright has been applied on the title page or on the page immediately following as required by 17 U.S.C.A. § 20.

Upon the filing of the motion the court announced that it would regard and treat the motion as a motion for summary judgment and that the parties should and could introduce evidence bearing upon the issue of copyright, which issue was presented by the pleadings. The parties thereupon introduced in evidence a copy of the book claimed by plaintiff to have been infringed by defendants.

The court made findings of fact and conclusions of law and entered judgment for defendants, and plaintiff appeals.

The court found that plaintiff received a certificate of registration from the Register of Copyrights of the United States for the book involved dated June 22, 1948; that the title of the publication claimed to have been infringed is stated in the complaint to be "1948-49 Kossuth County TAM Service"; and that no other title is given in the complaint; that the only place where the quoted title appears in the book is on the leaf which constitutes the front cover of the book; that the leaf which constitutes the front cover of the book is the title page thereof; and that no notice of copyright was given by plaintiff on the title page nor on the page immediately following on any copy of the book claimed to be infringed.

And the court concluded that the notice of copyright given did not comply with the provisions of 17 U.S.C.A. § 20; and that failure to comply therewith prevents the plaintiff from recovering and is determinative of the case.

The parties agree that the only question for decision is whether the title page of plaintiff's book is page 3, as claimed by plaintiff, or the front cover, as found by the court and claimed by defendants.

Title 17 U.S.C.A. § 20 provides: "The notice of copyright shall be applied, in the case of a book or other printed publication, upon its title page or the page immediately following * * *. One notice of copyright in each volume * * * published shall suffice."

■ While a slight variation from the form of notice may not be fatal there must be no substantial deviation. To be legally effective the notice must satisfy the prescriptions of the statute. Advertisers Exchange, Inc., v. Anderson, 8 Cir., 144 F.2d 907; Higgins v. Keuffel, 140 U.S. 428, 434, 11 S.Ct. 731, 35 L.Ed. 470; Mifflin v. R. H. White Company, 190 U.S. 260, 264, 23 S.Ct. 769, 47 L.Ed. 1040.

The plaintiff contends that the court erred: (1) in determining the title of the book; (2) in holding that the only place where the title appears is on page 1, or the front cover page; (3) that the front cover is the title page; and (4) that no notice of copyright was given by plaintiff on the title page.

The only evidence before the court was a copy of the book itself. The court's findings are based upon the complaint and the copy of the book in evidence. The book is a comparatively small book bound with a paper cover.

In paragraphs 2 and 5 of the complaint it is averred that the book is entitled: "1948-49 Kossuth County TAM Service."

On the front cover is printed in bold type:
"1948-1949
"Kossuth County, Iowa
"TAM Service."

The inside of the front cover contains no printed matter. Page 1 contains a map of Kossuth County, Iowa, only. Page 2 is blank, containing no printed matter.

Page 3 contains a full page of printed text at the top of which appears in lower case type what plaintiff contends is the title, as follows:

"The 1948-1949
"Rural TAM
"For Kossuth County, Iowa."

At the bottom of this page is the copyright notice as follows: "Copyright 1948, R. C. Booth Enterprises, Harlan, Iowa."

■ In determining whether the front cover page or page 3 of the book is the title page the court of necessity was required to consider the printed texts of those pages and the arrangement of the printed matter thereon and their general appearance. And since there was a substantial difference between them in every respect the court was justified in considering the claim of plaintiff set out in the complaint. Applying these tests, we cannot say that the finding that the front cover page is the title page is erroneous. The finding is supported by substantial evidence and is in accord with the averments of the complaint. In this situation the plaintiff should not be heard to complain. Toksvig v. Bruce Pub. Co., et al., 7 Cir., 181 F.2d 664, 666.

Affirmed.