**POWELL et al. v. STRANSKY et al.**
Civ. A. No. 646.

United States District Court
D. South Dakota.

April 25, 1951.

John R. McDowell, Sioux Falls, S. D., and Fred Ornstein, Cleveland, Ohio, for plaintiffs.

M. T. Woods and F. M. Smith, Sioux Falls, S. D., and Fred Tinan, Mitchell, S. D., for defendants.

WYMAN, District Judge.

I have just concluded an examination of the record and a study of the briefs together with the authorities cited therein in the above entitled case, as a result of which I have arrived at certain findings and conclusions which, in my opinion, are decisive of the matters submitted for determination at this time.

The questions to be considered are, first, is the plaintiff's copyright valid, and, second, if it is valid, is it infringed by defendants' publication.

Defendants contend that plaintiffs' claim of copyright covering its publication, Exhibit 4, is invalid for the reason that the so-called cover page of the exhibit is the title page of the publication, and that no valid notice of copyright is printed thereon or upon the page immediately following; that the purported notice of copyright printed on the reverse side of the leaf immediately following the cover of said pamphlet is invalid because it is not printed on the title page nor the page immediately following as required by the statute; and for the further reason that the name of the claimant appearing in that notice is a trade name of the plaintiff's and that he has used other trade names.

In opposition to the above contentions the plaintiff contends that the so-called cover page of Exhibit 4 is not the title page, and that the first page of the pamphlet following and independent of the cover is the title page; and that the notice of copyright printed on the reverse of that page is in all respects sufficient to meet the requirements of the statutes.

In my examination of the record I have failed to find any relevant or competent evidence bearing upon the question thus presented except Exhibit 4 itself. It is true the defendant introduced in evidence certain other publications, namely, Exhibits 1 and 3, each of which was copyrighted in the name of Powell Service Bureau, a corporation under the control and management of the plaintiff, and that the cover page, or more strictly speaking, the first page of each of said pamphlets is manifestly the title page, but I do not regard these facts as relevant or material to the issues under consideration. The copyright as to each of the last named exhibits was claimed and certificate of registration as to each of them was issued under the name of the corporation, and the difference between those publications and Exhibit 4 are such as to render them wholly immaterial.

Defendants cite the case of Booth v. Haggard, 8 Cir., 184 F.2d 470, in support of its contention, but in my opinion, the facts in that case clearly distinguish it from the instant case. Even a casual reading of that case discloses that the only place in that publication where the correct title, as alleged in the complaint, appears is on the first or outside page of the publication.

In view of the general appearance and make-up of Exhibit 4 I am convinced that the so-called cover page is not the title page. In fact, it cannot be regarded as a page in any sense, any more than the buckram covering or binding of a law book can be so regarded. It is not part of the published matter and has no connection with it other than that of a cover to protect the printed matter of the text.

In view of the foregoing I cannot come to any conclusion but that the first page following the cover leaf is, in fact, the title page of the publication, and that the notice appearing on the reverse side

thereof is, in all respects, sufficient to satisfy the requirements of the statute.

■ As to defendants' claim that plaintiff's copyright is void and of no legal effect because its claimed certificate of registration was issued in the trade name of the plaintiff when it appears by the evidence that plaintiff has upon different occasions used other trade names, defendant has submitted no authority, nor have I been able to find any authority, to support defendants' contention, and I regard the same as without merit.

■ Having determined the validity of plaintiff's copyright the remaining question is that concerning infringement, and in my opinion an examination and comparison of the two publications provide such convincing proof of infringement as to leave no room for a different conclusion. It is undoubtedly true that there is nothing novel as to most if not all of the ideas involved in the instructions, rules and admonitions set forth in plaintiff's publication. For that reason plaintiff could not obtain copyright protection as to such ideas, but according to the record in the case the idea of collecting and arranging the ideas into a compact course of study and instruction for those who might be interested in the business or occupation of addressing envelopes from the mailing lists of those engaged in the mail order business, originated with the plaintiff, and in my opinion, regardless of lack of novelty or originality in the ideas themselves, plaintiff is entitled to protection under his copyright insofar as the plan, arrangement and form of the text of his publication is concerned. As suggested above, it manifestly appears that the arrangement, form and phraseology of defendants' Exhibit 2, did not originate with the defendant, but was copied in large part from Plaintiff's Exhibit 4. It therefore follows that I have decided that plaintiff's copyright is valid and that it has been infringed by defendant's Exhibit No. 2.

That disposes of the only questions submitted for decision at this time and leaves the matter of damages and other questions for determination at some later time.

Upon receipt of findings of fact and conclusions of law and a proper order in conformity with the foregoing the same will be signed and entered of record.