## HARRY ALTER CO. v. GRAVES REFRIGERATION, Inc., et al.

### Civ. No. 4137.

United States District Court
N. D. Georgia.
Nov. 2, 1951.

704

Herbert, J. & Joseph F. Haas, I. T. Cohen and James M. Roberts, all of At-

lanta, Ga., Fischel, Kahn, Heart & Weinberg, Chicago, Ill., for plaintiff.

G. Eugene Ivey, Atlanta, Ga., for defendant.

HOOPER, Chief Judge.

The motion for summary judgment is based upon the contention that plaintiff's catalogue publication was not validly copyrighted because, it is contended, the copyright notice was not sufficient.

There can be no question as to the sufficiency of the copyright in connection with the Spring Catalogue of 1949 (plaintiff's Exhibit # 2). There the notice of copyright reads as follows:[1]

## "ALL PRICES F.O.B. CHICAGO OR NEW YORK—KEEP THESE PRICES CONFIDENTIAL"

*"Copyright, 1949. The Harry Alter Co., Inc. Printed in U.S.A."*

---

## "The Harry Alter Co., Inc."
(followed by the complete mailing address of the Co.)

The copyright notice in the Fall and Winter Catalogue 1948–49, however, is different from the above. In the catalogue just mentioned the notice of copyright is as follows:

## "ALL PRICES F.O.B. CHICAGO—KEEP THESE PRICES CONFIDENTIAL"

*"Copyright, 1948. The H. A. Co. Printed in U.S.A."*

---

## "The Harry Alter Co., Inc."
(followed by the complete mailing address of the Co.)

The catalogue of 1946 is substantially the same as the one just above referred to.

Defendant contends these copyright notices are insufficient under the law. 17 U.S.C.A. § 19 provides in part as follows: "The notice of copyright * * * shall consist either of the word 'Copyright' or the abbreviation 'Copr.', accompanied by the name of the copyright proprietor, and * * * shall include also the year in which the copyright was secured by publication."

The two notices herein involved contain the word copyright and the year copyright was secured. It would seem these words are "accompanied by the name of the copyright proprietor." It is true that the word copyright and the date are followed by only the initials "the H. A. Co." It is also true, however, that the full name of the publisher is immediately below the foregoing and in large letters difficult to be ignored by even a casual reader.

1. The information as to size of the print herein quoted was furnished to the court ex parte by a local printer.

The purpose of the notice is to inform the public of the existence of the copyright, the time of commencement, and by whom it is claimed; and to prevent innocent persons who are unaware of the existence of the copyright from suffering by making use of the material. See Burrow-Giles Lithographic Co. v. Sarony, 111 U.S. 53, 4 S.Ct. 279, 28 L.Ed. 349; Shapiro, Bernstein & Co., Inc., v. Jerry Vogel Music Co., Inc., 2 Cir., 161 F.2d 406; 18 C.J.S., Copyright and Literary Property, p. 198, § 76(b); Fleischer Studios, Inc., v. Ralph A. Freundlich, 2 Cir., 73 F.2d 276. A substantial compliance, however, with the terms of the statute is all that is necessary. Higgins v. Keuffel, 140 U.S. 428, 11 S.Ct. 731, 35 L.Ed. 470; Callaghan v. Myers, 128 U.S. 617, 9 S.Ct. 177, 32 L.Ed. 547; Mifflin v. R. H. White Co., 190 U.S. 260, 23 S.Ct. 769, 47 L.Ed. 1040. This case is unlike the case of Goes Lithographing Company v. Apt. Lithographic Co., D.C., 14 F.Supp. 620, in which it appears the proprietor's name did not appear in connection with the notice so as to identify the proprietor's symbols.

The other two grounds of the motion for summary judgment are likewise considered to be of no merit, one of these grounds alleging that this instance of alleged infringement comes under the de minimus doctrine, the other ground alleging that the cut appearing on page 5 of Plaintiff's Exhibit #2 does not infringe the cut appearing on Page 89 of defendant's catalogue (Plaintiff's Exhibit #4).

Wherefore, said motion for summary judgment is overruled and denied.