**S. C. JOHNSON & SON, INC.,** a Corporation, Plaintiff,

v.

**DROP DEAD CO., Inc.,** a Corporation dba Paramount Chemical Co. and Paramount Sales Co.; Western Filling Corp., a Corporation; Frank G. Marshall, Hugh G. Marshall, and James G. Christenson, Defendants.

Civ. A. No. 1113-59.

United States District Court
S. D. California,
Central Division.

Nov. 1 and 16, 1962.

See also 201 F.Supp. 442.

Beverly W. Pattishall and Robert M. Newbury, of Woodson, Pattishall & Garner, Chicago, Ill., for plaintiff, Fulwider, Patton, Rieber, Lee & Utecht, Warren L. Patton, Los Angeles, Cal., of counsel.

William C. Babcock and G. Merle Bergman, Long Beach, Cal., for defendant.

YANKWICH, District Judge.

The above-entitled cause heretofore tried, argued and submitted is now decided as follows:

Upon the grounds stated in the "Comment" to follow judgment will be for the plaintiff as prayed for in the Complaint, the Court being of the view that plaintiff's copyright and trademark "PLEDGE" is valid and infringed and that plaintiff is entitled to injunctive relief and damages for copyright (17 U.S.C.A. § 13 et seq.) and trademark (15 U.S.C.A. § 1051 et seq.) infringement (Count I of the Complaint) and unfair competition. (15 U.S.C.A. § 1126(b) (h) (i)) (Count II of the Complaint)

The determination of damages to be awarded is to be made by a Master to be appointed by the Court *after the interlocutory judgment shall have become final,* unless the parties prior thereto agree upon a reasonable royalty.

Costs to the plaintiff. Attorneys fees to be determined upon further showing.

*Additional facts are contained in the formal findings and judgment signed on November 16, 1962 which are appended to the opinion.*

## COMMENT

■ Involved in this litigation is a label which has been made the subject of both copyright claim and trademark registration. A label which is not purely descriptive may be made the subject of copyright and trademark. (Callaghan v. Myers, 1888, 128 U.S. 617, 652, 9 S.Ct. 177, 32 L.Ed. 547; Higgins v. Keuffel, 1891, 140 U.S. 428, 435, 11 S.Ct. 731, 35 L.Ed. 470)

■ As the cases just cited and others to be referred to hold, three conditions are necessary to secure copyright: The deposit before publication of the printed title of the book; the insertion of the notice on the title page or the next page of the book; and the deposit of a copy of the book within three months after publication. (Booth v. Haggard, 8 Cir., 1950, 184 F.2d 470; Bobrecker v. Denebeim, D.C.Mo.1939, 28 F.Supp. 383;

Harry Alter Company v. Graves Refrigeration Inc., D.C.Ga.1951, 101 F.Supp. 703, 705) As to trademarks the requirements are, deposit of notice, claim of trademark and use of the mark. (15 U.S.C.A. § 1057 et seq.; United States Printing & Lithograph Company v. Griggs, Cooper & Company, 1929, 279 U.S. 156, 49 S.Ct. 267, 73 L.Ed. 650; Griesedieck Western Brewery Co. v. Peoples Brewing Company, D.C.Minn.1944, 56 F.Supp. 600)

■ The plaintiff's mark involved in this case is valid and infringed whether the matter be considered under the law of copyright, the law of trademarks or the law of unfair competition. The mark is labeled "PLEDGE". The mark which the defendants adopted long after the plaintiff began using theirs is "PROMISE". Both relate to a spray-on type wax furniture polish and cleaner. The chemical content of the products is not involved. We are concerned only with the imitation of the label.

At the time this action was instituted the imitation of the label by the defendant was so slavish that even the color scheme and the contrast between the letters on the cans and labels were imitated. Later the color scheme of the defendants' label was changed but the word "PROMISE" remained and the label also continued to use descriptive material which was palpably copied from the plaintiff's label and descriptive matter on it.

Seventeen witnesses, mostly housewives who purchase products of the type to which the labels were attached, testified that the presence of the defendants' product on the same shelf in the markets as the plaintiff's product *caused confusion in their minds* and led them to believe the imitated product of the defendants to be a *new* product marketed by the plaintiff. Naturally so, for the two words are *quite synonymous,* and the average buyer would consider them so. So we have *actual* confusion of source.

Being of the view that the label of the plaintiff is valid, both under trademark and copyright law, and that the slavish imitation of it by the defendants is viola-

tive of the plaintiff's rights under those branches of the law as well as under the law of unfair competition, I have concluded that the plaintiff is entitled to judgment under both causes of action pleaded in the complaint.

Indeed, it is difficult to understand under what legal theory the defendant can, with impunity, appropriate the result of the creative labor of others in this field. Hence the ruling above made.

## APPENDIX

### FINDINGS OF FACT

1. Plaintiff, S. C. Johnson & Son, Inc., is a Wisconsin corporation, located and having its principal place of business in Racine, Wisconsin.

2. Defendant, Drop Dead Co., Inc., is a California corporation, located and having its principal place of business at 2540 East Walnut Street, Pasadena, California.

3. Defendant, Frank G. Marshall, is a resident of the State of California, and is president, a director, and one of the three owners of defendant Drop Dead Co., Inc.

4. Defendant, Hugh G. Marshall, is a resident of the State of California, and is treasurer, a director, and one of the three owners of defendant Drop Dead Co., Inc.

5. Defendant, James G. Christenson, is a resident of the State of California, and is vice president, a director, and one of the three owners of defendant Drop Dead Co., Inc.

6. Defendant, Western Filling Corp., is a California corporation, located and having its principal place of business at 6423 Bandini Boulevard, Los Angeles, California.

7. The amount in controversy in this action is in excess of ten thousand dollars exclusive of interest and costs.

8. Plaintiff and its predecessors have long been engaged in the manufacture, advertising and sale of various household products among which are wax and wax products, and other products for polishing and otherwise treating floors, furniture, automobiles, and other articles. Plaintiff is popularly referred to and uses the trade name "Johnson's Wax."

9. On January 31, 1958, plaintiff adopted and began to use the trademark PLEDGE for a furniture wax and polish.

10. Plaintiff duly registered its trademark PLEDGE for furniture wax on the principal register of the United States Patent Office under Registration Number 668,526 of October 21, 1958. The said registration inadvertently contained an error in the claimed date of use, but soon thereafter the said error was detected by plaintiff, an application to correct the registration was filed with the Commissioner of Patents and the correction was entered in the records of the Patent Office and on the Certificate of Registration.

11. On March 15, 1958, plaintiff began to market an aerosol furniture wax and polish under the trademark PLEDGE, and under a distinctive label.

12. Plaintiff's aforesaid distinctive label for its PLEDGE brand of furniture wax and polish was created and designed for plaintiff by Lippincott and Margulies, Inc., a firm specializing in package design, at substantial expense to plaintiff.

13. The wording and language on plaintiff's PLEDGE label were created for plaintiff by Benton and Bowles, plaintiff's advertising agency for its PLEDGE product, working together with plaintiff's advertising department.

14. Since its first publication all copies of plaintiff's PLEDGE label have borne the requisite notice of copyright prescribed by 17 U.S.C. § 19.

15. Promptly following publication of its PLEDGE label bearing the requisite copyright notice, plaintiff filed an application to secure its claim of copyright in the PLEDGE label with the Register of Copyrights. Plaintiff received from the Register of Copyrights a certificate of registration of copyright in its PLEDGE label identified as Registration Number KK 144,923, of July 29, 1959.

16. Subsequently plaintiff has made minor changes in the wording on its copyrighted PLEDGE label, and plaintiff applied to the Register of Copyrights for a new copyright, but plaintiff was informed by the Register of Copyrights that the changes in the PLEDGE label were too slight to require the issuance of a new certificate of copyright.

17. Plaintiff's sales of its aerosol furniture wax and polish sold under plaintiff's aforesaid PLEDGE trademark and label have totalled many millions of dollars, and in the Los Angeles sales' area, plaintiff's said sales have totalled millions of dollars.

18. Plaintiff has extensively advertised and promoted its PLEDGE aerosol furniture wax and polish throughout the United States, with the bulk of said advertising effort being through the medium of television, and said advertising has featured plaintiff's PLEDGE trademark and distinctive PLEDGE label, and plaintiff has spent many millions of dollars in advertising its PLEDGE aerosol furniture wax and polish.

19. Plaintiff's PLEDGE trademark has become well known to the purchasing public, and has come to distinguish plaintiff's PLEDGE brand of aerosol furniture wax and polish to the trade and the public, and plaintiff's trademark PLEDGE has acquired a distinctive secondary meaning signifying plaintiff and its product.

20. Plaintiff's PLEDGE label has become well known to the purchasing public, and has come to distinguish plaintiff's PLEDGE brand of aerosol furniture wax and polish to the trade and the public, and plaintiff's trademark PLEDGE has acquired a distinctive secondary meaning signifying plaintiff and its product.

21. On July 20, 1959, subsequent to the date that both plaintiff's PLEDGE trademark and label had acquired a distinctive secondary meaning as aforesaid, defendant, Drop Dead Co., Inc., adopted and began to use the trademark PROMISE for an aerosol furniture wax and polish.

22. Prior to defendants' adoption and use of the trademark PROMISE, defendants Frank G. Marshall and James G. Christenson had seen plaintiff's PLEDGE product on sale, had purchased plaintiff's PLEDGE product and had examined the plaintiff's PLEDGE product and plaintiff's PLEDGE label.

23. Defendants have used the PROMISE trademark in interstate commerce, and defendants' use of the PROMISE trademark affects plaintiff's use of its PLEDGE trademark in interstate commerce.

24. Defendants' PROMISE product, as originally sold, was marketed in a label closely simulating plaintiff's PLEDGE label as to color, layout, design and wording.

25. Defendants' original PROMISE label was copied from and is a slavish copy of plaintiff's PLEDGE label. The palpable copying of the wording on the label discloses the intention of defendants to appropriate plaintiff's PLEDGE label.

26. Defendants caused fifty thousand of the original PROMISE labels to be printed. Of these, approximately seventeen thousand had been placed on cans and distributed for sale prior to the commencement of this action. Subsequent to the commencement of this action approximately another eight thousand of defendants' original PROMISE labels were placed on cans and distributed for sale. Cans of PROMISE bearing defendants' original PROMISE label are still on sale in the Los Angeles area.

27. Subsequent to the filing of this action, defendants modified their PROMISE label to eliminate the slavish copying of color and design from plaintiff's PLEDGE label, but defendants' modified label continued to use the trademark PROMISE.

28. Defendant, Western Filling Corp., has affixed all PROMISE labels, both original and modified, to the cans of PROMISE in behalf of the other defendants.

29. Defendants' use of the trademark PROMISE on both defendants' original and modified labels has been made willfully, knowingly and intentionally for the purpose of trading upon the good will built up in plaintiff's PLEDGE name and trademark and to impart a salability to defendants' PROMISE product which it would not otherwise have had.

30. Defendants' use of the original PROMISE label has been made willfully, knowingly and intentionally for the purpose of trading upon the good will built up in plaintiff's PLEDGE label and to impart a salability to defendants' PROMISE product which it would not otherwise have had.

31. Defendants' use of the trademark PROMISE on both defendants' original and modified labels has caused actual confusion as to the source of defendants' PROMISE product and is likely to continue to cause confusion of source in that purchasers have thought and are likely to continue to think, because of the similarity of the trademarks PLEDGE and PROMISE, that defendants' PROMISE product is put out by plaintiff or a company associated or legitimately connected with plaintiff.

32. Defendants' use of the original PROMISE label has caused actual confusion as to the source of defendants' PROMISE product and is likely to continue to cause confusion of source in that purchasers have thought and are likely to continue to think, because of the similarity of plaintiff's PLEDGE label and defendants' original PROMISE label, that defendants' PROMISE product is put out by plaintiff or a company associated or legitimately connected with plaintiff.

33. Plaintiff's PLEDGE product and defendants' PROMISE product are frequently displayed in close proximity in retail stores, thereby enhancing the likelihood of purchaser confusion.

34. Nine witnesses testified that they had purchased defendants' PROMISE sold under defendants' modified label in the belief that PROMISE was put out by plaintiff because of the similarity of the names PLEDGE and PROMISE and said witnesses were neither careless nor indifferent purchasers, and their testimony was credible.

35. Three witnesses testified that they purchased defendants' PROMISE sold under defendants' original PROMISE label in the belief that PROMISE was put out by plaintiff and five witnesses testified that upon seeing defendants' PROMISE in a market they thought it was a product put out by plaintiff because of the similarity of the names PLEDGE and PROMISE and because of the similarity of the PLEDGE and PROMISE labels, and said witnesses were neither careless nor indifferent purchasers, and their testimony was credible.

36. The confusion caused by defendants' use of the trademark PROMISE has enabled defendant, Drop Dead Co., Inc., to make sales of its PROMISE product which it would not otherwise have made, and said confusion has accordingly damaged plaintiff.

37. The confusion caused by defendants' use of the original PROMISE label has enabled defendant, Drop Dead Co., Inc., to make sales of its PROMISE product which it would not otherwise have made, and has accordingly damaged plaintiff.

38. The actual damages caused by defendants' use of the original PROMISE label are not capable of exact ascertainment.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over the subject matter and the parties to this action.

2. Plaintiff's copyright in its PLEDGE label, Certificate Number KK 144,923 of July 29, 1959, is valid.

3. Defendants' use of the original PROMISE label infringes plaintiff's valid copyright in its PLEDGE label, and Count I of the Amended Complaint is accordingly sustained.

4. Plaintiff's trademark Pledge, for furniture polish and cleaner, and its United States trademark registration of PLEDGE, Registration Number 668,526 of October 21, 1958, are valid.

5. Defendants' use of the trademark PROMISE for a furniture wax and polish infringes plaintiff's trademark PLEDGE, under both the federal Trademark Statute (15 U.S.C. § 1051 et seq.) and the common law, and Count III of the Amended Complaint is accordingly sustained.

6. Defendants' use of the original PROMISE label constitutes unfair competition with plaintiff's use of its PLEDGE label, and Count II of the Amended Complaint is accordingly sustained.

7. Plaintiff is entitled to an order permanently enjoining defendants, and each of them, jointly and severally, and their agents, employees, privies, successors, and assigns, and any and all persons acting by or under authority from defendants, from:

a. Using the trademark PROMISE, or any other colorable imitation of plaintiff's PLEDGE trademark, in connection with the sale or offering for sale of wax or polishing products, or any similar or related products.

b. Using defendants' original PROMISE label, or any other colorable imitation of plaintiff's PLEDGE label, in connection with the sale or offering for sale of wax or polishing products, or any similar or related products.

c. Printing or otherwise producing, or having in their possession labels similar to defendants' original PROMISE label, or otherwise infringing the copyright of plaintiff in its PLEDGE label in any manner.

8. Plaintiff is entitled to recover from defendants, jointly and severally, statutory damages for copyright infringement, and the determination of such damages shall be made by a Master to be appointed by the Court after the interlocutory judgment herein shall have become final.

9. Plaintiff is entitled to an accounting of defendants' wrongful profits derived from defendants' use of the trademark PROMISE, and from defendants' unfair competition, and the determination of such profits shall be made by a Master to be appointed by the Court after the interlocutory judgment herein shall have become final.

10. Plaintiff is entitled to recover from defendants, jointly and severally, its attorneys' fees incurred herein, and the amount of said attorneys' fees shall be determined by a Master to be appointed by the Court after the interlocutory judgment herein shall have become final.

11. Upon the Interlocutory Judgment Order herein becoming final, plaintiff is entitled to an order requiring defendants to deliver up for destruction all of defendants' labels, containers, advertising or promotional materials bearing the infringing PROMISE trademark or label, and all plates, molds, and any and all other materials for making said trademark or label.

12. Plaintiff is entitled to recovery of its costs in this action, from defendants, jointly and severally, and such costs shall be taxed after the Interlocutory Judgment Order herein shall have become final.

## INTERLOCUTORY JUDGMENT ORDER

In accordance with the foregoing Findings Of Fact and Conclusions Of Law it is hereby ORDERED, ADJUDGED and DECREED that:

1. Defendants, and each of them, jointly and severally, and their agents, employees, privies, successors, and assigns, and any and all persons acting by or under authority from defendants are hereby permanently enjoined and restrained from:

a. Using the trademark PROMISE, or any other colorable imitation of plaintiff's PLEDGE trademark, in connection with the sale or offering for sale of wax or polishing products, or any similar or related products.

b. Using defendants' original PROMISE label, or any other colorable imitation of plaintiff's PLEDGE label, in connection with the sale or offering for sale of wax or polishing products, or any similar or related products.

c. Printing or otherwise producing, or having in their possession labels similar to defendants' original PROMISE label, or otherwise infringing the copyright of plaintiff in its PLEDGE label in any manner.